780 So.2d 834 (2000)
AMENDMENTS TO FLORIDA RULES OF APPELLATE PROCEDURE.
No. SC00-718.
Supreme Court of Florida.
October 12, 2000.
Herman J. Russomanno, President, The Florida Bar, Miami, Florida; Terrence J. Russell, President-elect, The Florida Bar, Fort Lauderdale, Florida; John F. Harkness, Jr., Executive Director, The Florida Bar, Tallahassee, Florida; Susan W. Fox, Past Chair, Appellate Court Rules Committee, of Macfarlane, Ferguson & McMullen, Tampa, Florida; and Deborah K. Brueckheimer, Chair, Appellate Court Rules Committee, Bartow, Florida, for Petitioner.
Nancy A. Daniels, Public Defender, and Paula S. Saunders and Chet Kaufman, Assistant Public Defenders, Second Judicial Circuit, Tallahassee, Florida; and David B. Pakula, Fort Lauderdale, Florida, Responding.
PER CURIAM.
We have for consideration the quadrennial report of proposed rule amendments filed by The Florida Bar's Appellate Court Rules Committee ("the committee"). We have jurisdiction. See art. V, § 2(a), Fla. Const.; Fla. R. Jud. Admin. 2.130(c).
The committee proposes amendments to Florida Rules of Appellate Procedure 9.020, 9.030, 9.040, 9.120, 9.125, 9.130, 9.140, 9.141, 9.146, 9.180, 9.190, 9.200, 9.210, 9.330, 9.350, 9.420, 9.800, and 9.900. The committee's proposed amendments were submitted to The Board of Governors of The Florida Bar, which recommends approving them. The committee's proposed amendments were published for comment and several comments were filed.
After reviewing the committee's proposed amendments, considering the comments filed by interested persons, and hearing oral argument, we adopt the committee's *835 proposed amendments with the exceptions noted below. Purely editorial amendments are not discussed.
In rule 9.020 ("Definitions"), we decline to adopt the committee's proposal to add new subdivision (h)(4) regarding rendition of appellate orders which, as proposed, provides:
If such a motion or motions [i.e., an authorized and timely motion for new trial, for rehearing, for clarification, for certification, to alter or amend, for judgment in accordance with prior motion for directed verdict, for arrest of judgment, to challenge the verdict, to correct a sentence or order of probation pursuant to Florida Rule of Criminal Procedure 3.800(b)(1), to withdraw a plea after sentencing pursuant to Florida Rule of Criminal Procedure 3.170(l), or to vacate an order based upon the recommendations of a hearing officer in accordance with Florida Family Law Rule of Procedure 12.492] have been filed in a district court of appeal, the final order shall not be deemed rendered as to any party to the appeal until the filing of a written order disposing of all such motions.
In referring to "such a motion or motions," the text of this proposed subdivision directly refers to several non-appellate motions (such as, for example, a motion for new trial or motion to challenge the verdict), thereby rendering it at least partially inapplicable to district courts of appeal. Additionally, although as urged by the committee the language of this proposed subdivision is facially consistent with this Court's holding in St. Paul Fire & Marine Insurance Co. v. Indemnity Insurance Co. of North America, 675 So.2d 590 (Fla. 1996), the committee's underlying intent in proposing this subdivision exceeds the scope of St. Paul. Specifically, this Court's holding in St. Paul that "a district court's order is not `rendered' until there has been a disposition of all motions relative to the order," id. at 592, neither compels nor directly supports the committee's underlying intent in proposing subdivision (h)(4) to establish that "[a] party [in a district court] who wishes to seek further review in the Supreme Court may not do so until the [district] court has disposed of all motions for rehearing, clarification, certification, or rehearing en banc." We accordingly decline to adopt proposed subdivision (h)(4).
However, we do adopt the committee's proposal to amend subdivision (h) ("Rendition (of an Order)") of rule 9.020 to replace the term "judgment notwithstanding the verdict" with "judgment to challenge the verdict," and to include provisions currently located in subdivision (i) ("Rendition (of an Order Based on Florida Family Law Rule of Procedure 12.492)"), which is stricken.
In rule 9.140 ("Appeal Proceedings in Criminal Cases"), we decline to adopt the committee's proposal to add a new subdivision (i) to set forth comprehensive rules regarding the filing of Anders briefs.[1] In addition to setting forth existing procedures for filing Anders briefs, proposed subdivision (i) also creates new procedures for filing Anders memoranda (as opposed to briefs) in cases where the appellant has pled guilty or nolo contendere without reserving a right to appeal or raising any substantive issue. Additionally, as urged by Public Defender Nancy A. Daniels and Assistant Public Defender Paula S. Saunders of the Second Judicial Circuit, the portion of proposed subdivision (i) providing that "Anders briefs or memoranda may include arguments on the merits relating to minor sentencing errors" may conflict with this Court's recent decision construing the Criminal Appeals Reform Act in Maddox v. State, 760 So.2d 89 (Fla. 2000). Another portion of proposed subdivision (i) may be improperly substantive in nature by requiring that "counsel who file Anders briefs or memoranda ... shall not argue against the interests of their clients" *836 and that such briefs or memoranda "shall reflect a thorough review of the record." We recognize the merit of codifying Anders procedures and commend the committee for its extensive efforts in this regard but, due to these and other possible problems with proposed subdivision (i), we decline to adopt it at this time. We instead request that the committee further study this issue with input from all the district courts of appeal and any other interested persons.
However, we do adopt the committee's proposal to amend subdivision (b)(1)(B) of rule 9.140, which addresses appeals permitted by defendants, to provide that a defendant may appeal a final order withholding adjudication after a finding of guilt. We likewise adopt the committee's proposal to renumber subdivision (b)(1)(C) as subdivision (b)(1)(D) and to amend it to provide that a defendant may appeal orders denying relief under Florida Rule of Criminal Procedure 3.800(a) or 3.850. We also adopt the committee's proposal to amend subdivision (b)(6)(B), which addresses the procedure in death penalty appeals, to require court reporters to file transcripts on computer disks in the appellate record in capital cases. Finally, we adopt the committee's proposal to delete existing subdivisions (i) ("Appeals from Summary Denial of Motion for Post-Conviction Relief Under Florida Rule of Criminal Procedure 3.800(a) or 3.850") and (j) ("Petitions Seeking Belated Appeal or Alleging Ineffective Assistance of Appellate Counsel") and to transfer their substance in large part to new rule 9.141 (discussed immediately below).
In rule 9.141 ("Review Proceedings in Collateral or Post-conviction Criminal Cases"), the committee proposes moving the subject matter of existing subdivisions 9.140(i) and (j) (discussed immediately above) to new rule 9.141 in order to separately address review proceedings in collateral or post-conviction criminal cases. We agree with the committee's observation that "[r]ule 9.140 was becoming too lengthy, and the collateral/post-conviction area was one that should be given its own rule," and accordingly adopt most of rule 9.141 as proposed by the committee.
However, we are concerned that proposed subdivision (a) ("Death Penalty Cases") may cause confusion insofar as it provides that "[t]his rule does not apply to cases in which the death penalty was imposed." We change this language to read that "[t]his rule does not apply to death penalty cases" in order to make clear that, once in effect, rule 9.141 will apply to cases in which the death sentence "was imposed" but then reduced to life imprisonment on direct appeal in this Court. See McCray v. State, 699 So.2d 1366 (Fla.1997) (recognizing that, where death sentence had been reduced to life imprisonment on direct appeal in this Court, predecessor rule 9.140(j)(3)(B) applied to petition alleging ineffective assistance of appellate counsel, but denying petition under doctrine of laches). Thus, in such cases, under proposed subdivision (c)(4)(B), "[a] petition alleging ineffective assistance of appellate counsel shall not be filed more than 2 years after the conviction becomes final on direct review unless it alleges under oath with a specific factual basis that the petitioner was affirmatively misled about the results of the appeal by counsel." Accord McCray. We further make clear that, in cases in which this Court on direct appeal reduces a death sentence to life imprisonment, petitions alleging ineffective assistance of appellate counsel shall be filed in this Court. As set forth in proposed subdivision (c)(2), "[p]etitions ... alleging ineffective assistance of appellate counsel shall be filed in the appellate court to which the appeal was or should have been taken."[2]
*837 In rule 9.210 ("Briefs"), we decline to adopt the committee's proposal to amend subdivision (a)(2) to provide that "[t]yped matter that is not proportionally spaced shall be in 12 point or larger type and shall not exceed 10 characters per inch (10 pitch) and 27 lines per page; typed matter that is proportionally spaced shall be in 13 point or larger Times Roman, Times New Roman, CG Times, or similar type and shall not exceed 23 lines per page." We instead require that computer-generated briefs shall be submitted in either Times New Roman 14-point font or Courier New 12-point font.[3] We also sua sponte add the requirement that in computer-generated briefs, immediately following the certificate of service, counsel (or the party if unrepresented) shall sign a certificate of compliance with the font standards required by this rule for computer-generated briefs. We take this action because the person who prepares such a brief is in the best position to know if the brief was prepared in accordance with this rule. The clerks of court should not be required to review each computer-generated brief for compliance other than noting the certificate of compliance.[4] We additionally sua sponte make parallel amendments to rule 9.100 regarding original appellate proceedings so that computer-generated petitions, responses, and replies filed in such proceedings are subject to the same font requirements discussed above in the context of computer-generated briefs.
We adopt the committee's remaining proposed amendments to rule 9.210. Specifically, we adopt the committee's proposal to amend subdivision (a)(1), which sets forth general requirements for briefs, to delete the requirement that, if printed, briefs should measure 6 by 9 inches. We also adopt the committee's proposal to amend subdivision (a)(2) to require that all briefs be double-spaced. We further adopt the committee's proposal to amend subdivision (a)(3) to require that briefs "shall" (instead of "should") be securely bound and to provide that headings and subheadings shall be at least as large as *838 the brief text and may be single-spaced. We additionally adopt the committee's proposal to amend subdivision (a)(5) to provide that the reply brief in a cross-appeal shall not devote more than 15 pages to argument replying to the answer portion of the appellee/cross-appellant's brief. Finally, we adopt the committee's proposal to amend subdivision (b)(5), which addresses the contents of the initial brief, to require that the initial brief include the applicable standard of review for each issue.
In rule 9.420 ("Filing; Service of Copies; Computation of Time"), the committee proposes adding new subdivision (a)(2) to set forth the "mailbox rule" for inmate filings. We approve this proposal in concept, but amend the committee's proposed language to conform with this Court's recent opinion on the matter in Thompson v. State, 761 So.2d 324 (Fla.2000).
The committee's proposed amendments to rules 9.125, 9.146, 9.180, 9.350, and 9.900 are purely editorial in nature, and we adopt them without discussion. We also adopt the following amendments as proposed by the committee:
In rule 9.030 ("Jurisdiction of Courts"), subdivision (c)(1)(B), which addresses the appellate jurisdiction of circuit courts, is amended to reflect that such jurisdiction is prescribed by general law, not by rule 9.130.
In rule 9.040 ("General Provisions"), subdivision (b) ("Forum") is amended to address review of orders transferring venue.
In rule 9.120 ("Discretionary Proceedings to Review Decisions of District Courts of Appeal"), subdivision (d) ("Briefs on Jurisdiction") is amended to require that the appendix to jurisdictional briefs filed in this Court shall contain only a conformed copy of the decision of the district court of appeal at issue.
In rule 9.130, ("Proceedings to Review Non-final Orders And Specified Final Orders"), the title is amended to refer to not only non-final orders, but also specified final orders. Subdivision (a) ("Applicability") is amended to reflect that appellate jurisdiction of circuit courts is prescribed by general law, not by this rule, and the word "review" has been changed to "appeal" in several places. Subdivision (a)(3)(C)(iv), which provides for the appeal of non-final orders that determine the issue of liability in favor of a party seeking affirmative relief, is repealed. Subdivision (a)(5) is amended to provide for the review of judgments under Florida Small Claims Rule 7.190. Subdivision (a)(7), regarding review being by the court that has jurisdiction to review the final order in the cause, is deleted because it is superseded by rule 9.040(b) (discussed above).
In rule 9.190 ("Judicial Review of Administrative Action"), subdivision (e) ("Stays Pending Review") is added to address stays pending judicial review of administrative action.
In rule 9.200, ("The Record"), subdivision (a)(1), which addresses the content of the record, is amended to limit the "notices" to be excluded from the record on appeal to notices of hearing or deposition, and to add a requirement that the record include a progress docket. Subdivision (d) ("Duties of Clerk; Preparation and Transmittal of Record") is amended in several places to make the clerk responsible for the progress docket.
In rule 9.330 ("Rehearing; Clarification; Certification"), subdivision (a) ("Time for Filing; Contents; Response") is amended to refer to a "response" instead of a "reply," and to clarify the permissible scope of motions under this rule.
In rule 9.800 ("Uniform Citation System"), subdivision (a)(2) is deleted to remove the requirement of a parallel citation to Florida Reports when citing Florida Supreme Court cases. Subdivision (i) ("Florida Rules") is amended to alter the citation style for Florida Standard Jury Instructions (Criminal).
We accordingly amend the Rules of Appellate Procedure as discussed above and *839 set forth in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The committee notes are offered for explanation only and are not adopted as an official part of the rules. The amendments shall become effective January 1, 2001, at 12:01 a.m.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.

APPENDIX

RULE 9.020. DEFINITIONS
The following terms have the meanings shown as used in these rules:
(a) Administrative Action. Administrative action shall include:
(1) final agency action as defined in the Administrative Procedure Act, chapter 120, Florida Statutes;
(2) non-final action by an agency or administrative law judge reviewable under the Administrative Procedure Act;
(3) quasi-judicial decisions by any administrative body, agency, board or commission not subject to the Administrative Procedure Act; and
(4) administrative action for which judicial review is provided by general law.
(b) Clerk. The person or official specifically designated as such for the court or lower tribunal; if no person or official has been specifically so designated, the official or agent who most closely resembles a clerk in the functions performed.
(c) Court. The supreme court; the district courts of appeal; and the circuit courts in the exercise of the jurisdiction described by rule 9.030(c), including the chief justice of the supreme court and the chief judge of a district court of appeal in the exercise of constitutional, administrative, or supervisory powers on behalf of such courts.
(d) Family Law Matter. A matter governed by the Florida Family Law Rules of Procedure.
(e) Lower Tribunal. The court, agency, officer, board, commission, judge of compensation claims, or body whose order is to be reviewed.
(f) Order. A decision, order, judgment, decree, or rule of a lower tribunal, excluding minutes and minute book entries.
(g) Parties.
(1) Appellant. A party who seeks to invoke the appeal jurisdiction of a court.
(2) Appellee. Every party in the proceeding in the lower tribunal other than an appellant.
(3) Petitioner. A party who seeks an order under rule 9.100 or rule 9.120.
(4) Respondent. Every other party in a proceeding brought by a petitioner.
(h) Rendition (of an Order). An order is rendered when a signed, written order is filed with the clerk of the lower tribunal. However, unless another applicable rule of procedure specifically provides to the contrary, if a final order has been entered and there has been filed in the lower tribunal an authorized and timely motion for new trial or, for rehearing, for clarification, or-for certification;, to alter or amend;, for judgment notwithstanding verdict or in accordance with prior motion for directed verdict, or infor arrest of judgment;, to challenge the verdict, to correct a sentence or order of probation pursuant to Florida Rule of Criminal Procedure 3.800(b)(1);, to withdraw thea plea after sentencing pursuant to Florida Rule of Criminal Procedure 3.170(l);, or a challenge to the verdictto vacate an order based upon the recommendations of a hearing officer in accordance with Florida Family Law Rule of Procedure 12.492, the following exceptions apply:
(1) If such a motion or motions have been filed, the final order shall not be deemed rendered with respect to any claim between the movant and any party against *840 whom relief is sought by the motion or motions until the filing of a signed, written order disposing of all such motions between such parties.
(2) If such a motion or motions have been filed, a signed, written order granting a new trial shall be deemed rendered when filed with the clerk, notwithstanding that other such motions may remain pending at the time.
(3) If such a motion or motions have been filed and a notice of appeal is filed before the filing of a signed, written order disposing of all such motions, all motions filed by the appealing party that are pending at the time shall be deemed abandoned, and the final order shall be deemed rendered by the filing of the notice of appeal as to all claims between parties who then have no such motions pending between them. However, a pending motion to correct a sentence or order of probation or a motion to withdraw the plea after sentencing shall not be affected by the filing of a notice of appeal from a judgment of guilt. In such instance, the notice of appeal shall be treated as prematurely filed and the appeal held in abeyance until the filing of a signed, written order disposing of such motion.
(i) Rendition (of an Order Based on Florida Family Law Rule of Procedure 12.492). An order based upon the recommendation of a hearing officer in accordance with Florida Family Law Rule of Procedure 12.492 shall not be deemed rendered if there has been filed in the lower tribunal an authorized and timely motion to vacate until the filing of a signed, written order disposing of such motion.

Committee Notes
1977 Amendment. This rule supersedes former rule 1.3. Throughout these rules the defined terms have been used in their technical sense only, and are not intended to alter substantive law. Instances may arise in which the context of the rule requires a different meaning for a defined term, but these should be rare.
The term "administrative action" is new and has been defined to make clear the application of these rules to judicial review of administrative agency action. This definition was not intended to conflict with the Administrative Procedure Act, chapter 120, Florida Statutes (1975), but was intended to include all administrative agency action as defined in the Administrative Procedure Act. The reference to municipalities is not intended to conflict with article VIII, section 1(a), Florida Constitution, which makes counties the only political subdivisions of the state.
The term "clerk" retains the substance of the term "clerk" defined in the former rules. This term includes the person who in fact maintains records of proceedings in the lower tribunal if no person is specifically and officially given that duty.
The term "court" retains the substance of the term "court" defined in the former rules, but has been modified to recognize the authority delegated to the chief justice of the supreme court and the chief judges of the district courts of appeal. This definition was not intended to broaden the scope of these rules in regard to the administrative responsibilities of the mentioned judicial officers. The term is used in these rules to designate the court to which a proceeding governed by these rules is taken. If supreme court review of a district court of appeal decision is involved, the district court of appeal is the "lower tribunal."
The term "lower tribunal" includes courts and administrative agencies. It replaces the terms "commission," "board," and "lower court" defined in the former rules.
The term "order" has been broadly defined to include all final and interlocutory rulings of a lower tribunal and rules adopted by an administrative agency. Minute book entries are excluded from the definition in recognition of the decision in *841 Employers' Fire Ins. Co. v. Continental Ins. Co., 326 So.2d 177 (Fla.1976). It was intended that this rule encourage the entry of written orders in every case.
The terms "appellant," "appellee," "petitioner," and "respondent" have been defined according to the rule applicable to a particular proceeding and generally not according to the legal nature of the proceeding before the court. The term "appellee" has been defined to include the parties against whom relief is sought and all others necessary to the cause. This rule supersedes all statutes concerning the same subject matter, such as section 924.03, Florida Statutes (1975). It should be noted that if a certiorari proceeding is specifically governed by a rule that only refers to "appellant" and "appellee," a "petitioner" and "respondent" should proceed as if they were "appellant" and "appellee," respectively. For example, certiorari proceedings in the supreme court involving the Public Service Commission and Industrial Relations Commission are specifically governed by rule 9.110 even though that rule only refers to "appellant" and "appellee." The parties in such a certiorari proceeding remain designated as "petitioner" and "respondent," because as a matter of substantive law the party invoking the court's jurisdiction is seeking a writ of certiorari. The same is true of rule 9.200 governing the record in such certiorari proceedings.
The term "rendition" has been simplified and unnecessary language deleted. The filing requirement of the definition was not intended to conflict with the substantive right of review guaranteed by the Administrative Procedure Act, section 120.68(1), Florida Statutes (Supp. 1976), but to set a point from which certain procedural times could be measured. Motions that postpone the date of rendition have been narrowly limited to prevent deliberate delaying tactics. To postpone rendition the motion must be timely, authorized, and one of those listed. However, if the lower tribunal is an administrative agency whose rules of practice denominate motions identical to those listed by a different label, the substance of the motion controls and rendition is postponed accordingly.
The definition of "legal holiday" has been eliminated but its substance has been retained in rule 9.420(e).
The term "bond" is defined in rule 9.310(c)(1).
Terms defined in the former rules and not defined here are intended to have their ordinary meanings in accordance with the context of these rules.
1992 Amendment. Subdivision (a) has been amended to reflect properly that deputy commissioners presently are designated as judges of compensation claims.
Subdivision (g) has been rewritten extensively. The first change in this rule was to ensure that an authorized motion for clarification (such as under rule 9.330) was included in those types of motions that delay rendition.
Subdivision (g) also has been revised in several respects to clarify some problems presented by the generality of the prior definition of "rendition." Although rendition is postponed in most types of cases by the filing of timely and authorized post-judgment motions, some rules of procedure explicitly provide to the contrary. The subdivision therefore has been qualified to provide that conflicting rules shall control over the general rule stated in the subdivision. See In Re Interest of E.P., 544 So.2d 1000 (Fla.1989). The subdivision also has been revised to make explicit a qualification of long standing in the decisional law, that rendition of non-final orders cannot be postponed by motions directed to them. Not all final orders are subject to postponement of rendition, however. Rendition of a final order can be postponed only by an "authorized" motion, and whether any of the listed motions is an "authorized" motion depends on the rules of procedure governing the proceeding in which the final order is entered. See *842 Francisco v. Victoria Marine Shipping, Inc., 486 So.2d 1386 (Fla. 3d DCA 1986), review denied 494 So.2d 1153.
Subdivision (g)(1) has been added to clarify the date of rendition when post-judgment motions have been filed. If there is only 1 plaintiff and 1 defendant in the case, the filing of a post-judgment motion or motions by either party (or both parties) will postpone rendition of the entire final order as to all claims between the parties. If there are multiple parties on either or both sides of the case and less than all parties file post-judgment motions, rendition of the final order will be postponed as to all claims between moving parties and parties moved against, but rendition will not be postponed with respect to claims disposed of in the final order between parties who have no post-judgment motions pending between them with respect to any of those claims. See, e.g., Phillips v. Ostrer, 442 So.2d 1084 (Fla. 3d DCA 1983).
Ideally, all post-judgment motions should be disposed of at the same time. See Winn-Dixie Stores, Inc. v. Robinson, 472 So.2d 722 (Fla.1985). If that occurs, the final order is deemed rendered as to all claims when the order disposing of the motions is filed with the clerk. If all motions are not disposed of at the same time, the final order is deemed rendered as to all claims between a moving party and a party moved against when the written order disposing of the last remaining motion addressed to those claims is filed with the clerk, notwithstanding that other motions filed by co-parties may remain pending. If such motions remain, the date of rendition with respect to the claims between the parties involved in those motions shall be determined in the same way.
Subdivision (g)(2) has been added to govern the special circumstance that arises when rendition of a final order has been postponed initially by post-judgment motions, and a motion for new trial then is granted. If the new trial has been granted simply as an alternative to a new final order, the appeal will be from the new final order. However, if a new trial alone has been ordered, the appeal will be from the new trial order. See rule 9.110. According to the decisional law, rendition of such an order is not postponed by the pendency of any additional, previously filed post-judgment motions, nor can rendition of such an order be postponed by the filing of any further motion. See Frazier v. Seaboard System Railroad, Inc., 508 So.2d 345 (Fla.1987). To ensure that subdivision (g)(1) is not read as a modification of this special rule, subdivision (g)(2) has been added to make it clear that a separately appealable new trial order is deemed rendered when filed, notwithstanding that other post-judgment motions directed to the initial final order may remain pending at the time.
Subdivision (g)(3) has been added to clarify the confusion generated by a dictum in Williams v. State, 324 So.2d 74 (Fla.1975), which appeared contrary to the settled rule that post-judgment motions were considered abandoned by a party who filed a notice of appeal before their disposition. See In Re: Forfeiture of $104,591 in U.S. Currency, 578 So.2d 727 (Fla. 3d DCA 1991). The new subdivision confirms that rule, and provides that the final order is rendered as to the appealing party when the notice of appeal is filed. Although the final order is rendered as to the appealing party, it is not rendered as to any other party whose post-judgment motions are pending when the notice of appeal is filed.
1996 Amendment. Subdivision (a) was amended to reflect the current state of the law. When the term "administrative action" is used in the Florida Rules of Appellate Procedure, it encompasses proceedings under the Administrative Procedure Act, quasi-judicial proceedings before local government agencies, boards, and commissions, and administrative action for which judicial review is provided by general law.
*843 Addition of language in subdivision (i) is intended to toll the time for the filing of a notice of appeal until the resolution of a timely filed motion to vacate when an order has been entered based on the recommendation of a hearing officer in a family law matter. Under the prior rules, a motion to vacate was not an authorized motion to toll the time for the filing of an appeal, and too often the motion to vacate could not be heard within 30 days of the rendition of the order. This rule change permits the lower tribunal to complete its review prior to the time an appeal must be filed.
2000 Amendment. The text of subdivision (i) was moved into the main body of subdivision (h) to retain consistency in the definitional portions of the rule.

Court Commentary
1996 Amendment. Subdivision (h) was amended to ensure that a motion to correct sentence or order of probation and a motion to withdraw the plea after sentencing would postpone rendition. Subdivision (h)(3) was amended to explain that such a motion is not waived by an appeal from a judgment of guilt.

RULE 9.030. JURISDICTION OF COURTS
(a) Jurisdiction of Supreme Court.
(1) Appeal Jurisdiction.
(A) The supreme court shall review, by appeal
(i) final orders of courts imposing sentences of death;1
(ii) decisions of district courts of appeal declaring invalid a state statute or a provision of the state constitution.2
(B) If provided by general law, the supreme court shall review
(i) by appeal final orders entered in proceedings for the validation of bonds or certificates of indebtedness;3
(ii) action of statewide agencies relating to rates or service of utilities providing electric, gas, or telephone service.4
(2) Discretionary Jurisdiction. The discretionary jurisdiction of the supreme court may be sought to review
(A) decisions of district courts of appeal that5
(i) expressly declare valid a state statute;
(ii) expressly construe a provision of the state or federal constitution;
(iii) expressly affect a class of constitutional or state officers;
(iv) expressly and directly conflict with a decision of another district court of appeal or of the supreme court on the same question of law;
(v) pass upon a question certified to be of great public importance;
(vi) are certified to be in direct conflict with decisions of other district courts of appeal;
(B) orders and judgments of trial courts certified by the district court of appeal in which the appeal is pending to require immediate resolution by the supreme court, and6
(i) to be of great public importance, or
(ii) to have a great effect on the proper administration of justice;
(C) questions of law certified by the Supreme Court of the United States or a United States court of appeals that are determinative of the cause of action and for which there is no controlling precedent of the Supreme Court of Florida.7
(3) Original Jurisdiction. The supreme court may issue writs of prohibition to courts and all writs necessary to the complete exercise of its jurisdiction, and may issue writs of mandamus and quo warranto to state officers and state agencies. The supreme court or any justice may issue writs of habeas corpus returnable before the supreme court or any justice, *844 a district court of appeal or any judge thereof, or any circuit judge.8
(b) Jurisdiction of District Courts of Appeal.
(1) Appeal Jurisdiction. District courts of appeal shall review, by appeal
(A) final orders of trial courts,1, 2 not directly reviewable by the supreme court or a circuit court;
(B) non-final orders of circuit courts as prescribed by rule 9.130;9
(C) administrative action if provided by general law.2
(2) Certiorari Jurisdiction.8 The certiorari jurisdiction of district courts of appeal may be sought to review
(A) non-final orders of lower tribunals other than as prescribed by rule 9.130;
(B) final orders of circuit courts acting in their review capacity.
(3) Original Jurisdiction.8 District courts of appeal may issue writs of mandamus, prohibition, quo warranto, and common law certiorari, and all writs necessary to the complete exercise of the courts' jurisdiction; or any judge thereof may issue writs of habeas corpus returnable before the court or any judge thereof, or before any circuit judge within the territorial jurisdiction of the court.
(4) Discretionary Review.10 District courts of appeal, in their discretion, may review by appeal
(A) final orders of the county court, otherwise appealable to the circuit court under these rules, that the county court has certified to be of great public importance;
(B) non-final orders, otherwise appealable to the circuit court under rule 9.140(c), that the county court has certified to be of great public importance.
(c) Jurisdiction of Circuit Courts.
(1) Appeal Jurisdiction. The circuit courts shall review, by appeal
(A) final orders of lower tribunals as provided by general law;1, 2
(B) non-final orders of lower tribunals as prescribed by rule 9.130provided by general law;9
(C) administrative action if provided by general law.
(2) Certiorari Jurisdiction.8 The certiorari jurisdiction of circuit courts may be sought to review non-final orders of lower tribunals other than as prescribed by rule 9.130.
(3) Original Jurisdiction.8 Circuit courts may issue writs of mandamus, prohibition, quo warranto, common law certiorari, and habeas corpus, and all writs necessary to the complete exercise of the courts' jurisdiction.
1 9.140: Appeal Proceedings in Criminal Cases.
2 9.110: Appeal Proceedings: Final Orders.
3 9.110(i): Validation of Bonds.
4 9.110: Appeal Proceedings: Final Orders; 9.100: Original Proceedings.
5 9.120: Discretionary Review of District Court Decisions.
6 9.125: Discretionary Review of Trial Court Orders and Judgments Certified by the District Court.
7 9.150: Certified Questions from Federal Courts.
8 9.100: Original Proceedings.
9 9.130: Appeal Proceedings: Non-Final Orders.
10 9.160: Discretionary Review of County Court Decisions.

Committee Notes
1977 Amendment. This rule replaces former rules 2.1(a)(5) and 2.2(a)(4). It sets forth the jurisdiction of the supreme court, district courts of appeal, and that portion of the jurisdiction of the circuit courts to which these rules apply. It paraphrases sections 3(b), 4(b), and, in relevant part, 5(b) of article V of the Florida Constitution. The items stating the certiorari jurisdiction of the supreme court and district courts of appeal refer to the constitutional *845 jurisdiction popularly known as the "constitutional certiorari" jurisdiction of the supreme court and "common law certiorari" jurisdiction of the district courts of appeal. This rule is not intended to affect the substantive law governing the jurisdiction of any court and should not be considered as authority for the resolution of disputes concerning any court's jurisdiction. Its purpose is to provide a tool of reference to the practitioner so that ready reference may be made to the specific procedural rule or rules governing a particular proceeding. Footnote references have been made to the rule or rules governing proceedings invoking the listed areas of jurisdiction.
This rule does not set forth the basis for the issuance of advisory opinions by the supreme court to the governor because the power to advise rests with the justices under article IV, section 1(c), Florida Constitution, and not the supreme court as a body. The procedure governing requests from the governor for advice are set forth in rule 9.500.
The advisory committee considered and rejected as unwise a proposal to permit the chief judge of each judicial circuit to modify the applicability of these rules to that particular circuit. These rules may be modified in a particular case, of course, by an agreed joint motion of the parties granted by the court so long as the change does not affect jurisdiction.
1980 Amendment. Subdivision (a) of this rule has been extensively revised to reflect the constitutional modifications in the supreme court's jurisdiction as approved by the electorate on March 11, 1980. See art. V, § 3(b), Fla. Const. (1980). The impetus for these modifications was a burgeoning caseload and the attendant need to make more efficient use of limited appellate resources. Consistent with this purpose, revised subdivision (a) limits the supreme court's appellate, discretionary, and original jurisdiction to cases that substantially affect the law of the state. The district courts of appeal will constitute the courts of last resort for the vast majority of litigants under amended article V.
Subdivision (a)(1)(A)(i) retains the mandatory appellate jurisdiction of the supreme court to review final orders of trial courts imposing death sentences.
Subdivision (a)(1)(A)(ii) has been substantively changed in accordance with amended article V, section 3(b)(1), Florida Constitution (1980), to eliminate the court's mandatory appellate review of final orders of trial courts and decisions of district courts of appeal initially and directly passing on the validity of a state statute or a federal statute or treaty, or construing a provision of the state or federal constitution. Mandatory supreme court review under this subdivision is now limited to district court decisions "declaring invalid" a state statute or a provision of the state constitution. Jurisdiction to review final orders of trial courts in all instances enumerated in former subdivision (a)(1)(A)(ii) now reposes in the appropriate district court of appeal.
Revised subdivision (a)(1)(B) enumerates the 2 classes of cases that the supreme court may review if provided by general law. See art. V, § 3(b)(2), Fla. Const. (1980). Eliminated from the amended article V and rule is the legislative authority, never exercised, to require supreme court review of trial court orders imposing sentences of life imprisonment.
Subdivision (a)(1)(B)(i), pertaining to bond validation proceedings, replaces former subdivision (a)(1)(B)(ii). Its phraseology remains unchanged. Enabling legislation already exists for supreme court review of bond validation proceedings. See § 75.08, Fla. Stat. (1979).
Subdivision (a)(1)(B)(ii) is new. See art. V, § 3(b)(2), Fla. Const. (1980). Under the earlier constitutional scheme, the supreme court was vested with certiorari jurisdiction (which in practice was always exercised) to review orders of "commissions *846 established by general law having statewide jurisdiction," including orders of the Florida Public Service Commission. See art. V, § 3(b)(3), Fla. Const. (1968); § 350.641, Fla. Stat. (1979). This jurisdiction has been abolished. In its stead, amended article V limits the supreme court's review of Public Service Commission orders to those "relating to rates or services of utilities providing electric, gas, or telephone service." Enabling legislation will be required to effectuate this jurisdiction. Review of Public Service Commission orders other than those relating to electric, gas, or utility cases now reposes in the appropriate district court of appeal. See art. V, § 4(b)(2), Fla. Const. (1968); Fla. R.App. P. 9.030(b)(1)(C); and § 120.68(2), Fla. Stat. (1979).
Subdivision (a)(2) has been substantially revised in accordance with amended article V, section 3(b)(3), Florida Constitution (1980), to restrict the scope of review under the supreme court's discretionary jurisdiction. Under the earlier constitution, this jurisdiction was exercised by writ of certiorari. Constitutional certiorari is abolished under amended article V. Reflecting this change, revised subdivision (a)(2) of this rule substitutes the phrase "discretionary jurisdiction" for "certiorari jurisdiction" in the predecessor rule. This discretionary jurisdiction is restricted, moreover, to 6 designated categories of district court decisions, discussed below. Amended article V eliminates the supreme court's discretionary power to review "any interlocutory order passing upon a matter which upon final judgment would be directly appealable to the Supreme Court" as reflected in subdivision (a)(2)(B) of the predecessor rule. It also eliminates the supreme court's certiorari review of "commissions established by general law having statewide jurisdiction" as reflected in subdivision (a)(2)(C) of the predecessor rule.
Subdivision (a)(2)(A) specifies the 6 categories of district court decisions reviewable by the supreme court under its discretionary jurisdiction.
Subdivisions (a)(2)(A)(i) and (a)(2)(A)(ii) are new and pertain to matters formerly reviewable under the court's mandatory appellate jurisdiction. Under former rule 9.030(a)(1)(A)(ii), the supreme court's mandatory appellate jurisdiction could be invoked if a lower tribunal "inherently" declared a statute valid. See Harrell's Candy Kitchen, Inc. v. Sarasota-Manatee Airport Auth., 111 So.2d 439 (Fla.1959). The 1980 amendments to article V and this subdivision require a district court to "expressly declare" a state statute valid before the supreme court's discretionary jurisdiction may be invoked.
Subdivision (a)(2)(A)(iii), pertaining to supreme court review of district court decisions affecting a class of constitutional or state officers, has been renumbered. It tracks the language of the predecessor constitution and rule, with the addition of the restrictive word "expressly" found in amended article V.
Subdivision (a)(2)(A)(iv) represents the most radical change in the supreme court's discretionary jurisdiction. The predecessor article V vested the supreme court with power to review district court decisions "in direct conflict with a decision of any district court of appeal or of the Supreme Court on the same point of law." These cases comprised the overwhelming bulk of the court's caseload and gave rise to an intricate body of case law interpreting the requirements for discretionary conflict review. With the enunciation of the "record proper rule" in Foley v. Weaver Drugs, Inc., 177 So.2d 221 (Fla.1965), the supreme court extended its discretionary review in instances of discernible conflict to district court decisions affirming without opinion the orders of trial courts. Amended article V abolishes the Foley doctrine by requiring an "express" as well as a "direct" conflict of district court decisions as a prerequisite to supreme court review. The new article also terminates supreme court jurisdiction over purely intradistrict *847 conflicts, the resolution of which is addressed in rule 9.331.
Subdivision (a)(2)(A)(v) substitutes the phrase "great public importance" for "great public interest" in the predecessor constitution and rule. The change was to recognize the fact that some legal issues may have "great public importance," but may not be sufficiently known by the public to have "great public interest."
Subdivision (a)(2)(A)(vi) is new and tracks the language of article V, section 3(b)(4), Florida Constitution (1980).
Subdivisions (a)(2)(B) and (a)(2)(C) are new. See art. V, §§ 3(b)(5), (3)(b)(6), Fla. Const. (1980). Certification procedures under these subdivisions are addressed in rule 9.125 and rule 9.150, respectively.
Subdivision (a)(3) is identical to the predecessor article V and rule, except it limits the issuance of writs of prohibition to "courts" rather than "courts and commissions" and limits the issuance of writs of mandamus and quo warranto to "state agencies" rather than "agencies."
1984 Amendment. Subdivision (b)(4) was added to implement legislation authorizing district courts of appeal discretion to review by appeal orders and judgments of county courts certified to be of great public importance.
1992 Amendment. Subdivision (c)(1)(B) was amended to reflect correctly that the appellate jurisdiction of circuit courts extended to all non-final orders of lower tribunals as prescribed by rule 9.130, and not only those defined in subdivision (a)(3) of that rule.
Subdivision (c)(1)(C) was amended to reflect the jurisdiction conferred on circuit courts by article V, section 5, Florida Constitution, which provides that "[t]hey shall have the power of direct review of administrative action prescribed by general law."
2000 Amendment. Subdivision (c)(1)(B) was amended to reflect that the appellate jurisdiction of circuit courts is prescribed by general law and not by rule 9.130, as clarified in Blore v. Fierro, 636 So.2d 1329 (Fla.1994).

RULE 9.040. GENERAL PROVISIONS
(a) Complete Determination. In all proceedings a court shall have such jurisdiction as may be necessary for a complete determination of the cause.
(b) Forum.
(1) If a proceeding is commenced in an inappropriate court, that court shall transfer the cause to an appropriate court.
(2) After a lower tribunal renders an order transferring venue, the appropriate court to review otherwise reviewable non-final orders is as follows:
(A) After rendition of an order transferring venue, the appropriate court to review the non-final venue order, all other reviewable non-final orders rendered prior to or simultaneously with the venue order, any order staying, vacating, or modifying the transfer of venue order, or an order dismissing a cause for failure to pay venue transfer fees, is the court which would review non-final orders in the cause, had venue not been transferred.
(B) After rendition of an order transferring venue, the appropriate court to review any subsequently rendered reviewable non-final order, except for those orders listed in subdivision (b)(2)(A), is the court which would review the order, if the cause had been filed in the lower tribunal to which venue was transferred.
(C) The clerk of the lower tribunal whose order is being reviewed shall perform the procedures required by these provisions regarding transfer of venue, including accepting and filing a notice of appeal. If necessary to facilitate non-final review, after an order transferring venue has been rendered, the clerk of the lower tribunal shall copy and retain such portions of the record as are necessary for review of the non-final order. If the file of the cause has been transferred to the transferee tribunal before the notice of *848 appeal is filed in the transferring tribunal, the clerk of the transferee tribunal shall copy and transmit to the transferring tribunal such portions of the record as are necessary for review of the non-final order.
(c) Remedy. If a party seeks an improper remedy, the cause shall be treated as if the proper remedy had been sought; provided that it shall not be the responsibility of the court to seek the proper remedy.
(d) Amendment. At any time in the interest of justice, the court may permit any part of the proceeding to be amended so that it may be disposed of on the merits. In the absence of amendment, the court may disregard any procedural error or defect that does not adversely affect the substantial rights of the parties.
(e) Assignments of Error. Assignments of error are neither required nor permitted.
(f) Filing Fees. Filing fees may be paid by check or money order.
(g) Clerks' Duties. On filing of a notice prescribed by these rules, the clerk shall forthwith transmit the fee and a certified copy of the notice, showing the date of filing, to the court. If jurisdiction has been invoked under rule 9.030(a)(2)(A)(v) or (a)(2)(A)(vi), or if a certificate has been issued by a district court under rule 9.030(a)(2)(B), the clerk of the district court of appeal shall transmit copies of the certificate and decision or order and any suggestion, replies, or appendices with the certified copy of the notice. Notices to review final orders of county and circuit courts in civil cases shall be recorded.
(h) Non-Jurisdictional Matters. Failure of a clerk or a party timely to file fees or additional copies of notices or petitions or the conformed copy of the order or orders designated in the notice of appeal shall not be jurisdictional; provided that such failure may be the subject of appropriate sanction.

Committee Notes
1977 Amendment. This rule sets forth several miscellaneous matters of general applicability.
Subdivision (a) is derived from the last sentence of former rule 2.1(a)(5)(a), which concerned direct appeals to the supreme court. This provision is intended to guarantee that once the jurisdiction of any court is properly invoked, the court may determine the entire case to the extent permitted by substantive law. This rule does not extend or limit the constitutional or statutory jurisdiction of any court.
Subdivisions (b) and (c) implement article V, section 2(a), Florida Constitution. Former rule 2.1(a)(5)(d) authorized transfer if an improper forum was chosen, but the former rules did not address the problem of improper remedies being sought. The advisory committee does not consider it to be the responsibility of the court to seek the proper remedy for any party, but a court may not deny relief because a different remedy is proper. Under these provisions a case will not be dismissed automatically because a party seeks an improper remedy or invokes the jurisdiction of the wrong court. The court must instead treat the case as if the proper remedy had been sought and transfer it to the court having jurisdiction. All filings in the case have the same legal effect as though originally filed in the court to which transfer is made. This rule is intended to supersede Nellen v. State, 226 So.2d 354 (Fla. 1st DCA 1969), in which a petition for a common law writ of certiorari was dismissed by the district court of appeal because review was properly by appeal to the appropriate circuit court, and Engel v. City of North Miami, 115 So.2d 1 (Fla.1959), in which a petition for a writ of certiorari was dismissed because review should have been by appeal. Under this rule, a petition for a writ of certiorari should be treated as a notice of appeal, if timely.
Subdivision (d) is the appellate procedure counterpart of the harmless error *849 statute, section 59.041, Florida Statutes (1975). It incorporates the concept contained in former rule 3.2(c), which provided that deficiencies in the form or substance of a notice of appeal were not grounds for dismissal, absent a clear showing that the adversary had been misled or prejudiced. Amendments should be liberally allowed under this rule, including pleadings in the lower tribunal, if it would not result in irremediable prejudice.
Subdivision (e) is intended to make clear that assignments of error have been abolished by these rules. It is not intended to extend the scope of review to matters other than judicial acts. If less than the entire record as defined in rule 9.200(a)(1) is to be filed, rule 9.200(a)(2) requires service of a statement of the judicial acts for which review is sought. This requirement also applies under rule 9.140(d). As explained in the commentary accompanying those provisions, such a statement does not have the same legal effect as an assignment of error under the former rules.
Subdivision (f) permits payment of filing fees by check or money order and carries forward the substance of former rule 3.2(a), which allowed payments in cash.
Subdivision (g) is derived from former rules 3.2(a) and 3.2(e). Under these rules, notices and fees are filed in the lower tribunal unless specifically stated otherwise. The clerk must transmit the notice and fees immediately. This requirement replaces the provision of the former rules that the notice be transmitted within 5 days. The advisory committee was of the view that no reason existed for any delays. The term "forthwith" should not be construed to prevent the clerk from delaying transmittal of a notice of criminal appeal for which no fee has been filed for the period of time necessary to obtain an order regarding solvency for appellate purposes and the appointment of the public defender for an insolvent defendant. This provision requires recording of the notice if review of a final trial court order in a civil case is sought. When supreme court jurisdiction is invoked on the basis of the certification of a question of great public interest, the clerk of the district court of appeal is required to transmit a copy of the certificate and the decision to the court along with the notice and fees.
Subdivision (h) is intended to implement the decision in Williams v. State, 324 So.2d 74 (Fla.1975), in which it was held that only the timely filing of the notice of appeal is jurisdictional. The proviso permits the court to impose sanctions if there is a failure to timely file fees or copies of the notice or petition.
The advisory committee considered and rejected as too difficult to implement a proposal of the bar committee that the style of a cause should remain the same as in the lower tribunal.
It should be noted that these rules abolish the practice of permitting Florida trial courts to certify questions to an appellate court. The former rules relating to the internal government of the courts and the creation of the advisory committee have been eliminated as irrelevant to appellate procedure. At its conference of June 27, however, the court unanimously voted to establish a committee to, among other things, prepare a set of administrative rules to incorporate matters of internal governance formerly contained in the appellate rules. The advisory committee has recommended that its existence be continued by the supreme court.
1980 Amendment. Subdivision (g) was amended to direct the clerk of the district court to transmit copies of the district court decision, the certificate, the order of the trial court, and the suggestion, replies, and appendices in all cases certified to the supreme court under rule 9.030(a)(2)(B) or otherwise certified under rule 9.030(a)(2)(A)(v) or (a)(2)(A)(vi).
1992 Amendment. Subdivision (h) was amended to provide that the failure to attach conformed copies of the order or orders designated in a notice of appeal as *850 is now required by rules 9.110(d), 9.130(c), and 9.160(c) would not be a jurisdictional defect, but could be the basis of appropriate sanction by the court if the conformed copies were not included with the notice of appeal.
2000 Amendment. In the event non-final or interlocutory review of a reviewable, non-final order is sought, new subdivision 9.040(b)(2) specifies which court should review such order, after rendition of an order transferring venue to another lower tribunal outside the appellate district of the transferor lower tribunal. It is intended to change and clarify the rules announced in Vasilinda v. Lozano, 631 So.2d 1082 (Fla.1994), and Cottingham v. State, 672 So.2d 28 (Fla.1996). The subdivision makes the time a venue order is rendered the critical factor in determining which court should review such non-final orders, rather than the time fees are paid, or the time the file is received by the transferee lower tribunal, and it applies equally to civil as well as criminal cases. If review is sought of the order transferring venue, as well as other reviewable non-final orders rendered before the change of venue order is rendered, or ones rendered simultaneously with it, review should be by the court that reviews such orders from the transferring lower tribunal. If review is sought of reviewable, non-final orders rendered after the time the venue order is rendered, review should be by the court that reviews such orders from the transferee lower tribunal. The only exceptions are for review of orders staying or vacating the transfer of venue order, or an order dismissing the cause for failure to pay fees, which should be reviewed by the court that reviews orders from the transferring lower tribunal. This paragraph is not intended to apply to review of reviewable non-final orders, for which non-final or interlocutory review is not timely sought or perfected.

RULE 9.100. ORIGINAL PROCEEDINGS
(a) Applicability. This rule applies to those proceedings that invoke the jurisdiction of the courts described in rules 9.030(a)(3), (b)(2), (b)(3), (c)(2), and (c)(3) for the issuance of writs of mandamus, prohibition, quo warranto, certiorari, and habeas corpus, and all writs necessary to the complete exercise of the courts' jurisdiction; and for review of non-final administrative action.
(b) Commencement; Parties. The original jurisdiction of the court shall be invoked by filing a petition, accompanied by a filing fee if prescribed by law, with the clerk of the court deemed to have jurisdiction. If the original jurisdiction of the court is invoked to enforce a private right, the proceeding shall not be brought on the relation of the state. If the petition seeks review of an order entered by a lower tribunal, all parties to the proceeding in the lower tribunal who are not named as petitioners shall be named as respondents.
(c) Exceptions; Petitions for Certiorari; Review of Non-Final Agency Action. The following shall be filed within 30 days of rendition of the order to be reviewed:
(1) A petition for certiorari.
(2) A petition to review quasi-judicial action of agencies, boards, and commissions of local government, which action is not directly appealable under any other provision of general law but may be subject to review by certiorari.
(3) A petition to review non-final agency action under the Administrative Procedure Act.
(4) A petition challenging an order of the Department of Corrections entered in prisoner disciplinary proceedings.
Lower court judges shall not be named as respondents to petitions for certiorari; individual members of the agencies, boards, and commissions of local government shall *851 not be named as respondents to petitions for review of final quasi-judicial action; and hearing officers shall not be named as respondents to petitions for review of non-final agency action. A copy of the petition shall be furnished to the person (or chairperson of a collegial administrative agency) issuing the order.
(d) Exception; Orders Excluding Press or Public.
(1) A petition to review an order excluding the press or public from access to any proceeding, any part of a proceeding, or any judicial records, if the proceedings or records are not required by law to be confidential, shall be filed in the court as soon as practicable following rendition of the order to be reviewed, if written, or announcement of the order to be reviewed, if oral. A copy shall be furnished to the person (or chairperson of the collegial administrative agency) issuing the order, and to the parties to the proceeding.
(2) The court shall immediately consider the petition to determine whether a stay of proceedings in the lower tribunal is appropriate, and on its own motion or that of any party, the court may order a stay on such conditions as may be appropriate.
(3) If requested by the petitioner or any party, or on its own motion, the court may allow oral argument.
(e) Exception; Petitions for Writs of Mandamus and Prohibition Directed to a Judge or Lower Tribunal. When a petition for a writ of mandamus or prohibition seeks a writ directed to a judge or lower tribunal, the following procedures apply:
(1) Caption. The name of the judge or lower tribunal shall be omitted from the caption. The caption shall bear the name of the petitioner and other parties to the proceeding in the lower tribunal who are not petitioners shall be named in the caption of respondents.
(2) Parties. The judge or the lower tribunal is a formal party to the petition for mandamus or prohibition and must be named as such in the body of the petition (but not in the caption). The petition must be served on all parties, including any judge or lower tribunal who is a formal party to the petition.
(3) Response. The responsibility to respond to an order to show cause is that of the litigant opposing the relief requested in the petition. Unless otherwise specifically ordered, the judge or lower tribunal has no obligation to file a response. The judge or lower tribunal retains the discretion to file a separate response should the judge or lower tribunal choose to do so. The absence of a separate response by the judge or lower tribunal shall not be deemed to admit the allegations of the petition.
(f) Review Proceedings in Circuit Court.
(1) Applicability. The following additional requirements apply to those proceedings that invoke the jurisdiction of the circuit court described in rules 9.030(c)(2) and (c)(3) to the extent that the petition involves review of judicial or quasi-judicial action.
(2) Caption. The caption shall contain a statement that the petition is filed pursuant to this subdivision.
(3) Duties of the Circuit Court Clerk. When a petition prescribed by this subdivision is filed, the circuit court clerk shall forthwith transmit the petition to the administrative judge of the appellate division, or other appellate judge or judges as prescribed by administrative order, for a determination as to whether an order to show cause should be issued.
(4) Default. The clerk of the circuit court shall not enter a default in a proceeding where a petition has been filed pursuant to this subdivision.
(g) Petition. The caption shall contain the name of the court and the name and designation of all parties on each side. *852 The petition shall not exceed 50 pages in length and shall contain
(1) the basis for invoking the jurisdiction of the court;
(2) the facts on which the petitioner relies;
(3) the nature of the relief sought; and
(4) argument in support of the petition and appropriate citations of authority. If the petition seeks an order directed to a lower tribunal, the petition shall be accompanied by an appendix as prescribed by rule 9.220, and the petition shall contain references to the appropriate pages of the supporting appendix.
(h) Order to Show Cause. If the petition demonstrates a preliminary basis for relief, a departure from the essential requirements of law that will cause material injury for which there is no adequate remedy by appeal, or that review of final administrative action would not provide an adequate remedy, the court may issue an order directing the respondent to show cause, within the time set by the court, why relief should not be granted. In prohibition proceedings such orders shall stay further proceedings in the lower tribunal.
(i) Record. A record shall not be transmitted to the court unless ordered.
(j) Response. Within the time set by the court, the respondent may serve a response, which shall not exceed 50 pages in length and which shall include argument in support of the response, appropriate citations of authority, and references to the appropriate pages of the supporting appendices.
(k) Reply. Within 20 days thereafter or such other time set by the court, the petitioner may serve a reply, which shall not exceed 15 pages in length, and supplemental appendix.
(l) General Requirements; Fonts. The lettering in all petitions, responses, and replies filed under this rule shall be black and in distinct type, double-spaced, with margins no less than 1 inch. Lettering in script or type made in imitation of handwriting shall not be permitted. Footnotes and quotations may be single spaced and shall be in the same size type, with the same spacing between characters, as the text. Computer-generated petitions, responses, and replies shall be submitted in either Times New Roman 14-point font or Courier New 12-point font. All computer-generated petitions, responses, and replies shall contain a certificate of compliance signed by counsel, or the party if unrepresented, certifying that the petition, response, or reply complies with the font requirements of this rule. The certificate of compliance shall be contained in the petition, response, or reply immediately following the certificate of service.

Committee Notes
1977 Amendment. This rule replaces former rule 4.5, except that the procedures applicable to supreme court review of decisions of the district courts of appeal on writs of constitutional certiorari are set forth in rule 9.120; and supreme court direct review of administrative action on writs of certiorari is governed by rule 9.100. This rule governs proceedings invoking the supreme court's jurisdiction to review an interlocutory order passing on a matter where, on final judgment, a direct appeal would lie in the supreme court. The procedures set forth in this rule implement the supreme court's decision in Burnsed v. Seaboard Coastline R.R., 290 So.2d 13 (Fla.1974), that such interlocutory review rests solely within its discretionary certiorari jurisdiction under article V, section 3(b)(3), Florida Constitution, and that its jurisdiction would be exercised only when, on the peculiar circumstances of a particular case, the public interest required it. This rule abolishes the wasteful current practice in such cases of following the procedures governing appeals, with the supreme court treating such appeals as petitions for the writ of certiorari. This *853 rule requires that these cases be prosecuted as petitions for the writ of certiorari.
This rule also provides the procedures necessary to implement the Administrative Procedure Act, section 120.68(1), Florida Statutes (Supp.1976), which provides for judicial review of non-final agency action "if review of the final agency decision would not provide an adequate remedy." It was the opinion of the advisory committee that such a right of review is guaranteed by the statute and is not dependent on a court rule, because article V, section 4(b)(2), Florida Constitution provides for legislative grants of jurisdiction to the district courts to review administrative action without regard to the finality of that action. The advisory committee was also of the view that the right of review guaranteed by the statute is no broader than the generally available common law writ of certiorari, although the statutory remedy would prevent resort to an extraordinary writ.
Subdivisions (b) and (c) set forth the procedure for commencing an extraordinary writ proceeding. The time for filing a petition for common law certiorari is jurisdictional. If common law certiorari is sought to review an order issued by a lower tribunal consisting of more than 1 person, a copy of the petition should be furnished to the chairperson of that tribunal.
Subdivision (d) sets forth the procedure for appellate review of orders excluding the press or public from access to proceedings or records in the lower tribunal. It establishes an entirely new and independent means of review in the district courts, in recognition of the decision in English v. McCrary, 348 So.2d 293 (Fla.1977), to the effect that a writ of prohibition is not available as a means to obtain review of such orders. Copies of the notice must be served on all parties to the proceeding in the lower tribunal, as well as the person who, or the chairperson of the agency that, issued the order.
No provision has been made for an automatic stay of proceedings, but the district court is directed to consider the appropriateness of a stay immediately on the notice being filed. Ordinarily an order excluding the press and public will be entered well in advance of the closed proceedings in the lower tribunal, so that there will be no interruption of the proceeding by reason of the appellate review. In the event a challenged order is entered immediately before or during the course of a proceeding and it appears that a disruption of the proceeding will be prejudicial to 1 or more parties, the reviewing court on its own motion or at the request of any party shall determine whether to enter a stay or to allow the lower tribunal to proceed pending review of the challenged order. See State ex rel. Miami Herald Publishing Co. v. McIntosh, 340 So.2d 904, 911 (Fla.1976).
This new provision implements the "strict procedural safeguards" requirement laid down by the United States Supreme Court in National Socialist Party of America v. Village of Skokie, 432 U.S. 43, 97 S.Ct. 2205, 53 L.Ed.2d 96 (1977). In that case the Court held that state restraints imposed on activities protected by the First Amendment must be either immediately reviewable or subject to a stay pending review.
Subdivision (e) sets forth the contents of the initial pleading. The party seeking relief must file a petition stating the authority by which the court has jurisdiction of the case, the relevant facts, the relief sought, and argument supported by citations of authority. This rule does not allow the petitioner to file a brief. Any argument or citations of authority that the petitioner desires to present to the court must be contained in the petition. This change in procedure is intended to eliminate the wasteful current practice of filing repetitive petitions and briefs. Under subdivision (g) no record is required to be filed unless the court so orders, but under subdivision (e) the petitioner must file an appendix to the petition containing conformed *854 copies of the order to be reviewed and other relevant material, including portions of the record, if a record exists. The appendix should also contain any documents that support the allegations of fact contained in the petition. A lack of supporting documents may, of course, be considered by the court in exercising its discretion not to issue an order to show cause.
Under subdivisions (f), (h), and (i), if the allegations of the petition, if true, would constitute grounds for relief, the court may exercise its discretion to issue an order requiring the respondent to show cause why the requested relief should not be granted. A single responsive pleading (without a brief) may then be served, accompanied by a supplemental appendix, within the time period set by the court in its order to show cause. The petitioner is then allowed 20 days to serve a reply and supplemental appendix, unless the court sets another time. It should be noted that the times for response and reply are computed by reference to service rather than filing. This practice is consistent throughout these rules except for initial, jurisdictional filings. The emphasis on service, of course, does not relieve counsel of the responsibility for filing original documents with the court as required by rule 9.420(b); it merely affects the time measurements.
Except as provided automatically under subdivision (f), a stay pending resolution of the original proceeding may be obtained under rule 9.310.
Transmittal of the record under order of the court under subdivision (g) shall be in accordance with the instructions and times set forth in the order.
1980 Amendment. The rule was amended by deleting its reference to former rule 9.030(a)(2)(B) to reflect the 1980 revisions to article V, section 3(b), Florida Constitution that eliminated supreme court review by certiorari of non-final orders that would have been appealable if they had been final orders. The procedures applicable to discretionary supreme court review of district court decisions under rule 9.030(a)(2)(A) are governed by rule 9.120. The procedures applicable to supreme court discretionary review of trial court orders and judgments certified by the district courts under rule 9.030(a)(2)(B) are set forth in rule 9.125.
Subdivision (d) was amended to delete references to the district courts of appeal as the proper court for review of orders excluding the press and public, because the appropriate court could also be a circuit court or the supreme court.
1992 Amendment. Subdivision (b) was amended to add 2 provisions clarifying designation of parties to original proceedings. The first change eliminates the practice of bringing original proceedings on the relation of the state and instead requires that if a private right is being enforced, an action must be brought in the names of the parties. Second, this subdivision now requires that all parties not named as petitioners be included in the style as respondents, consistent with rules 9.020(f)(3) and (f)(4).
Subdivision (c) was amended to eliminate the practice of naming lower court judges, members of administrative bodies, and hearing officers as respondents in petitions for certiorari and for review of non-final agency action. Such individuals still are to be served a copy of the petition, but the amendment is to eliminate any suggestion that they are parties or adverse to the petitioner.
Subdivision (c) also was amended to reflect that review of final administrative action, taken by local government agencies, boards, and commissions acting in a quasi-judicial capacity, is subject to the requirement that the petition for writ of certiorari be filed within 30 days of rendition of the order to be reviewed.
Subdivision (e) was amended to require that the petition, the jurisdictional document, identify all parties on each side to *855 assist the court in identifying any potential conflicts and to identify all parties to the proceeding as required by subdivision (b) of this rule. Additionally, this subdivision was amended to require, consistent with rule 9.210(b)(3), that the petition make references to the appropriate pages of the appendix that is required to accompany the petition.
Subdivision (f) was amended to add the existing requirement in the law that a petition must demonstrate not only that there has been a departure from the essential requirements of law, but also that that departure will cause material injury for which there is no adequate remedy by appeal. This subdivision, without amendment, suggested that it established a standard other than that recognized by Florida decisional law.
Subdivision (h) was amended to require that any response, like the petition, contain references to the appropriate pages of appendices, consistent with subdivision (f) of this rule and rules 9.210(b)(3) and 9.210(c).
1996 Amendment. The reference to "common law" certiorari in subdivision (c)(1) was removed so as to make clear that the 30-day filing limit applies to all petitions for writ of certiorari.
Subdivision (c)(4) is new and pertains to review formerly available under rule 1.630. It provides that a prisoner's petition for extraordinary relief, within the original jurisdiction of the circuit court under rule 9.030(c)(3) must be filed within 30 days after final disposition of the prisoner disciplinary proceedings conducted through the administrative grievance process under chapter 33, Florida Administrative Code. See Jones v. Florida Department of Corrections, 615 So.2d 798 (Fla. 1st DCA 1993).
Subdivision (e) was added, and subsequent subdivisions re-lettered, in order to alter the procedural requirements placed or apparently placed on lower court judges in prohibition and mandamus proceedings. The duty to respond to an Order to Show Cause is expressly placed on the party opposing the relief requested in the petition, and any suggestion of a duty to respond on the part of the lower court judge is removed. The lower court judge retains the option to file a response. In those circumstances in which a response from the lower tribunal is desirable, the court may so order.
Subdivision (f) was added to clarify that in extraordinary proceedings to review lower tribunal action this rule, and not Florida Rule of Civil Procedure 1.630, applies and to specify the duties of the clerk in such proceedings, and to provide a mechanism for alerting the clerk to the necessity of following these procedures. If the proceeding before the circuit court is or may be evidentiary in nature, then the procedures of the Florida Rules of Civil Procedure should be followed.
1999 Amendment. Page limits were added to impose text limitations on petitions, responses and replies consistent with the text limitations applicable to briefs under Rule 9.210.

Court Commentary
2000. As to computer-generated petitions, responses, and replies, strict font requirements were imposed in subdivision (l) for at least three reasons:
First and foremost, appellate petitions, responses, and replies are public records that the people have a right to inspect. The clear policy of the Florida Supreme Court is that advances in technology should benefit the people whenever possible by lowering financial and physical barriers to public record inspection. The Court's eventual goal is to make all public records widely and readily available, especially via the Internet. Unlike paper documents, electronic documents on the Internet will not display properly on all computers if they are set in fonts that are unusual. In some instances, such electronic documents may even be unreadable. Thus, the Court adopted the policy that *856 all computer-generated appellate petitions, responses, and replies be filed in one of two fonts-either Times New Roman 14-point or Courier New 12-point-that are commonplace on computers with Internet connections. This step will help ensure that the right to inspect public records on the Internet will be genuinely available to the largest number of people.
Second, Florida's court system as a whole is working toward the day when electronic filing of all court documents will be an everyday reality. Though the technology involved in electronic filing is changing rapidly, it is clear that the Internet is the single most significant factor influencing the development of this technology. Electronic filing must be compatible with Internet standards as they evolve over time. It is imperative for the legal profession to become accustomed to using electronic document formats that are most consistent with the Internet.
Third, the proliferation of vast new varieties of fonts in recent years poses a real threat that page-limitation rules can be circumvented through computerized typesetting. The only way to prevent this is to establish an enforceable rule on standards for font use. The subject font requirements are most consistent with this purpose and the other two purposes noted above.
Subdivision (l) was also amended to require that immediately after the certificate of service in computer-generated petitions, responses, and replies, counsel (or the party if unrepresented) shall sign a certificate of compliance with the font standards set forth in this rule for computer-generated petitions, responses, and replies.

RULE 9.120. DISCRETIONARY PROCEEDINGS TO REVIEW DECISIONS OF DISTRICT COURTS OF APPEAL
(a) Applicability. This rule applies to those proceedings that invoke the discretionary jurisdiction of the supreme court described in rule 9.030(a)(2)(A).
(b) Commencement. The jurisdiction of the supreme court described in rule 9.030(a)(2)(A) shall be invoked by filing 2 copies of a notice, accompanied by the filing fees prescribed by law, with the clerk of the district court of appeal within 30 days of rendition of the order to be reviewed.
(c) Notice. The notice shall be substantially in the form prescribed by rule 9.900. The caption shall contain the name of the lower tribunal, the name and designation of at least 1 party on each side, and the case number in the lower tribunal. The notice shall contain the date of rendition of the order to be reviewed and the basis for invoking the jurisdiction of the court.
(d) Briefs on Jurisdiction. Petitioner's brief, limited solely to the issue of the supreme court's jurisdiction and accompanied by an appendix containing only a conformed copy of the decision of the district court of appeal, shall be served within 10 days of filing the notice. Respondent's brief on jurisdiction shall be served within 20 days after service of petitioner's brief. Formal requirements for both briefs are specified in rule 9.210. No reply brief shall be permitted. If jurisdiction is invoked under rules 9.030(a)(2)(A)(v) or (a)(2)(A)(vi) (certifications by the district courts to the supreme court), no briefs on jurisdiction shall be filed.
(e) Accepting or Postponing Decision on Jurisdiction; Record. If the supreme court accepts or postpones decision on jurisdiction, the court shall so order and advise the parties and the clerk of the district court of appeal. Within 60 days thereafter or such other time set by the court, the clerk shall transmit the record.
(f) Briefs on Merits. Within 20 days of rendition of the order accepting or postponing decision on jurisdiction, the petitioner shall serve the initial brief on the merits.
Additional briefs shall be served as prescribed by rule 9.210.

*857 Committee Notes
1977 Amendment. This rule replaces former rule 4.5(c) and governs all certiorari proceedings to review final decisions of the district courts. Certiorari proceedings to review interlocutory orders of the district courts if supreme court jurisdiction exists under article V, section 3(b)(3), Florida Constitution are governed by rule 9.100.
Subdivision (b) sets forth the manner in which certiorari proceedings in the supreme court are to be commenced. Petitions for the writ are abolished and replaced by a simple notice to be followed by briefs. Two copies of the notice, which must substantially comply with the form approved by the supreme court, are to be filed with the clerk of the district court within 30 days of rendition along with the requisite fees. Failure to timely file the fees is not jurisdictional.
Subdivision (c) sets forth the contents of the notice. The requirement that the notice state the date of rendition, as defined in rule 9.020, is intended to permit the clerk of the court to determine timeliness from the face of the notice. The statement of the basis for jurisdiction should be a concise reference to whether the order sought to be reviewed (1) conflicts with other Florida appellate decisions; (2) affects a class of constitutional or state officers; or (3) involves a question of great public interest certified by the district court.
Subdivision (d) establishes the time for filing jurisdictional briefs and prescribes their content. If supreme court jurisdiction is based on certification of a question of great public interest, no jurisdictional briefs are permitted. Briefs on the merits in such cases are to be prepared in the same manner as in other cases. Briefs on the merits are to be served within the time provided after the court has ruled that it will accept jurisdiction or has ruled that it will postpone decision on jurisdiction.
The jurisdictional brief should be a short, concise statement of the grounds for invoking jurisdiction and the necessary facts. It is not appropriate to argue the merits of the substantive issues involved in the case or discuss any matters not relevant to the threshold jurisdictional issue. The petitioner may wish to include a very short statement of why the supreme court should exercise its discretion and entertain the case on the merits if it finds it does have certiorari jurisdiction. An appendix must be filed containing a conformed copy of the decision of the district court. If the decision of the district court was without opinion, or otherwise does not set forth the basis of decision with sufficient clarity to enable the supreme court to determine whether grounds for jurisdiction exist, a conformed copy of the order of the trial court should also be included in the appendix.
Subdivisions (e) and (f) provide that within 60 days of the date of the order accepting jurisdiction, or postponing decision on jurisdiction, the clerk of the district court must transmit the record to the court. The petitioner has 20 days from the date of the order to serve the initial brief on the merits. Other briefs may then be served in accordance with rule 9.210. Briefs that are served must be filed in accordance with rule 9.420.
It should be noted that the automatic stay provided by former rule 4.5(c)(6) has been abolished because it encouraged the filing of frivolous petitions and was regularly abused. A stay pending review may be obtained under rule 9.310. If a stay has been ordered pending appeal to a district court, it remains effective under rule 9.310(e) unless the mandate issues or the district court vacates it. The advisory committee was of the view that the district courts should permit such stays only when essential. Factors to be considered are the likelihood that jurisdiction will be accepted by the supreme court, the likelihood of ultimate success on the merits, the likelihood of harm if no stay is granted, *858 and the remediable quality of any such harm.
1980 Amendment. The rule has been amended to reflect the 1980 revisions to article V, section 3, Florida Constitution creating the additional categories of certifications by the district courts to the supreme court enumerated in rule 9.030(a)(2)(A).
District court decisions that (a) expressly declare valid a state statute, (b) expressly construe a provision of the state or federal constitution, (c) expressly affect a class of constitutional or state officers, (d) expressly and directly conflict with a decision of another district court or the supreme court on the same point of law, (e) pass upon a question certified to be of great public importance, or (f) are certified to be in direct conflict with decisions of other district courts, are reviewed according to the procedures set forth in this rule. No jurisdictional briefs are permitted if jurisdiction is based on certification of a question of great public importance or certification that the decision is in direct conflict with a decision of another district court.
The mandatory appendix must contain a copy of the district court decision sought to be reviewed and should be prepared in accordance with rule 9.220.
Supreme court review of trial court orders and judgments certified by the district court under rule 9.030(a)(2)(B) is governed by the procedures set forth in rule 9.125.
Reply briefs from petitioners are prohibited, and the court will decide whether to accept the case for review solely on the basis of petitioner's initial and respondent's responsive jurisdictional briefs.
1992 Amendment. Subdivision (d) was amended to provide that jurisdictional briefs must conform to the same requirements set forth in rule 9.210.

RULE 9.125. REVIEW OF TRIAL COURT ORDERS AND JUDGMENTS CERTIFIED BY THE DISTRICT COURTS OF APPEAL AS REQUIRING IMMEDIATE RESOLUTION BY THE SUPREME COURT
(a) Applicability. This rule applies to any order or judgment of a trial court that has been certified by the district court of appeal to require immediate resolution by the supreme court because the issues pending in the district court are of great public importance or have a great effect on the proper administration of justice throughout the state. The district court of appeal may make such certification on its own motion or on suggestion by a party.
(b) Commencement. The jurisdiction of the supreme court is invoked on rendition of the certificate by the district court of appeal.
(c) Suggestion. Any party may file with the district court and serve on the parties a suggestion that the order to be reviewed should be certified by the district court to the supreme court. The suggestion shall be substantially in the form prescribed by this rule and shall be filed within 10 days from the filing of the notice of appeal.
(d) Response. Any party may file a response within 5 days of the service of the suggestion.
(e) Form. The suggestion shall be limited to 5 pages and shall contain all of the following elements:
(1) A statement of why the appeal requires immediate resolution by the supreme court.
(2) A statement of why the appeal
(A) is of great public importance, or
(B) will have a great effect on the proper administration of justice throughout the state.
(3) A certificate signed by the attorney stating:
I express a belief, based on a reasoned and studied professional judgment, that *859 this appeal requires immediate resolution by the supreme court and (a) is of great public importance, or (b) will have a great effect on the administration of justice throughout the state.
 /s/______________
 Attorney for .... (name of party)....
 .... (address and phone number)....
 Florida Bar No. __________
(4) An appendix containing a conformed copy of the order to be reviewed.
(f) Effect of Suggestion. The district court shall not be required to rule on the suggestion and neither the filing of a suggestion nor the rendition by the district court of its certificate shall alter the applicable time limitations or place of filing. If an order is rendered granting or denying certification, no rehearing shall be permitted.
(g) Procedure wWhen Supreme Court Accepts Jurisdiction. The jurisdiction of the supreme court attaches on rendition of the order accepting jurisdiction. If the supreme court accepts jurisdiction, it shall so order and advise the parties, the clerk of the district court, and the clerk of the lower tribunal. The clerk of the district court shall transfer the record in the case to the supreme court within 10 days thereafter. The time limitations of the applicable jurisdictional rule will continue in effect, except that all papers formerly required to be filed in the district court shall be filed in the supreme court.

Committee Notes
1980 Amendment. This rule is entirely new and governs all discretionary proceedings to review trial court orders or judgments that have been certified by the district court under rule 9.030(a)(2)(B) to require immediate resolution by the supreme court and to be of great public importance or to have a great effect on the proper administration of justice throughout the state. Final and non-final orders are covered by this rule. Discretionary review of other district court decisions if supreme court jurisdiction exists under rule 9.030(a)(2)(A) is governed by rule 9.120.
Subdivision (b) makes clear that certification by the district court is self-executing.
Subdivision (c) sets forth the manner in which a party may file a suggestion that the order to be reviewed should be certified by the district court to the supreme court and requires the suggestion be filed within 10 days from the filing of the notice of appeal. It is contemplated that suggestions under this rule will be rare. A suggestion should be filed only if, under the peculiar circumstances of a case, all the elements contained in subdivision (e) of the rule are present.
Subdivision (d) provides that any other party may file a response to a suggestion within 5 days of the service of the suggestion.
Subdivision (e) provides for the form of the suggestion. All suggestions must be substantially in this form. The suggestion is limited to 5 pages and must contain (1) a statement of why the appeal requires immediate resolution by the supreme court, and (2) a statement of why the appeal either is of great public importance or will have a great effect on the proper administration of justice throughout the state. The suggestion must be accompanied by an appendix containing a copy of the order to be reviewed. The suggestion also must include a certificate signed by the attorney in the form appearing in the rule.
To ensure that no proceeding is delayed because of this rule, subdivisions (f) and (g) provide that the filing of a suggestion will not alter the applicable time limitations or the place of filing. The district court shall not be required to rule on a suggestion. The parties should follow the time limitations contained in the rule through which jurisdiction of the district court was invoked. See rules 9.100, 9.110, 9.130, and 9.140.

*860 RULE 9.130. PROCEEDINGS TO REVIEW NON-FINAL ORDERS AND SPECIFIED FINAL ORDERS
(a) Applicability.
(1) This rule applies to reviewappeals to the district courts of appeal of the non-final orders authorized herein in the district courts of appeal and to appeals to the circuit courts of non-final orders when provided by general law. Review of other non-final orders in such courts and non-final administrative action shall be by the method prescribed by rule 9.100.
(2) ReviewAppeals of non-final orders in criminal cases shall be as prescribed by rule 9.140.
(3) ReviewAppeals to the district courts of appeal of non-final orders of lower tribunals isare limited to those that
(A) concern venue;
(B) grant, continue, modify, deny, or dissolve injunctions, or refuse to modify or dissolve injunctions;
(C) determine
(i) the jurisdiction of the person;
(ii) the right to immediate possession of property;
(iii) the right to immediate monetary relief or child custody in family law matters;
(iv) the issue of liability in favor of a party seeking affirmative relief;
(iv) the entitlement of a party to arbitration;
(vi) that, as a matter of law, a party is not entitled to workers' compensation immunity;
(vii) that a class should be certified; or
(viii) that, as a matter of law, a party is not entitled to absolute or qualified immunity in a civil rights claim arising under federal law;
(D) grant or deny the appointment of a receiver, and terminate or refuse to terminate a receivership.
(4) Non-final orders entered after final order on motions that suspend rendition are not reviewable; provided that orders granting motions for new trial in jury and non-jury cases are reviewable by the method prescribed in rule 9.110. Other non-final orders entered after final order on authorized motions are reviewable by the method prescribed by this rule.
(5) Orders entered on motions filed under Florida Rule of Civil Procedure 1.540, Small Claims Rule 7.190, and Florida Family Law Rule of Procedure 12.540 are reviewable by the method prescribed by this rule.
(6) Orders that deny motions to certify a class may be reviewed by the method prescribed by this rule.
(7) Review authorized by this rule shall be by the court that has jurisdiction to review the final order in the cause.
(b) Commencement. The jurisdiction to seek review of orders described in subdivisions (a)(3)-(a)(6) shall be invoked by filing 2 copies of a notice, accompanied by the filing fees prescribed by law, with the clerk of the lower tribunal within 30 days of rendition of the order to be reviewed.
(c) Notice. The notice, designated as a notice of appeal of non-final order, shall be substantially in the form prescribed by rule 9.900(c). Except in criminal cases, a conformed copy of the order or orders designated in the notice of appeal shall be attached to the notice.
(d) Record. A record shall not be transmitted to the court unless ordered.
(e) Briefs. Appellant's initial brief, accompanied by an appendix as prescribed by rule 9.220, shall be served within 15 days of filing the notice. Additional briefs shall be served as prescribed by rule 9.210.
(f) Stay of Proceedings. In the absence of a stay, during the pendency of a review of a non-final order, the lower tribunal *861 may proceed with all matters, including trial or final hearing; provided that the lower tribunal may not render a final order disposing of the cause pending such review.
(g) Review on Full Appeal. This rule shall not preclude initial review of a non-final order on appeal from the final order in the cause.
(h) Scope of Review. Multiple non-final orders that are listed in rule 9.130(a)(3) may be reviewed by a single notice if the notice is timely filed as to each such order.

Committee Notes
1977 Amendment. This rule replaces former rule 4.2 and substantially alters current practice. This rule applies to review of all non-final orders, except those entered in criminal cases, and those specifically governed by rules 9.100 and 9.110.
The advisory committee was aware that the common law writ of certiorari is available at any time and did not intend to abolish that writ. However, because that writ provides a remedy only if the petitioner meets the heavy burden of showing that a clear departure from the essential requirements of law has resulted in otherwise irreparable harm, it is extremely rare that erroneous interlocutory rulings can be corrected by resort to common law certiorari. It is anticipated that because the most urgent interlocutory orders are appealable under this rule, there will be very few cases in which common law certiorari will provide relief. See Taylor v. Board of Pub. Instruction, 131 So.2d 504 (Fla. 1st DCA 1961).
Subdivision (a)(3) designates certain instances in which interlocutory appeals may be prosecuted under the procedures set forth in this rule. Under these rules there are no mandatory interlocutory appeals. This rule eliminates interlocutory appeals as a matter of right from all orders "formerly cognizable in equity," and provides for review of certain interlocutory orders based on the necessity or desirability of expeditious review. Allowable interlocutory appeals from orders in actions formerly cognizable as civil actions are specified, and are essentially the same as under former rule 4.2. Item (A) permits review of orders concerning venue. Item (C)(i) has been limited to jurisdiction over the person because the writ of prohibition provides an adequate remedy in cases involving jurisdiction of the subject matter. Because the purpose of these items is to eliminate useless labor, the advisory committee is of the view that stays of proceedings in lower tribunals should be liberally granted if the interlocutory appeal involves venue or jurisdiction over the person. Because this rule only applies to civil cases, item (C)(ii) does not include within its ambit rulings on motions to suppress seized evidence in criminal cases. Item (C)(ii) is intended to apply whether the property involved is real or personal. It applies to such cases as condemnation suits in which a condemnor is permitted to take possession and title to real property in advance of final judgment. See ch. 74, Fla. Stat. (1975). Item (C)(iii) is intended to apply to such matters as temporary child custody or support, alimony, suit money, and attorneys' fees. Item (C)(iv) allows appeals from interlocutory orders that determine liability in favor of a claimant.
Subdivision (a)(4) grants a right of review if the lower tribunal grants a motion for new trial whether in a jury or non-jury case. The procedures set forth in rule 9.110, and not those set forth in this rule, apply in such cases. This rule has been phrased so that the granting of rehearing in a non-jury case under Florida Rule of Civil Procedure 1.530 may not be the subject of an interlocutory appeal unless the trial judge orders the taking of evidence. Other non-final orders that postpone rendition are not reviewable in an independent proceeding. Other non-final orders entered by a lower tribunal after final order are reviewable and are to be governed by this rule. Such orders include, for example, an order granting a motion to vacate default.
*862 Subdivision (a)(5) grants a right of review of orders on motions seeking relief from a previous court order on the grounds of mistake, fraud, satisfaction of judgment, or other grounds listed in Florida Rule of Civil Procedure 1.540.
Subdivision (a)(6) provides that interlocutory review is to be in the court that would have jurisdiction to review the final order in the cause as of the time of the interlocutory appeal.
Subdivisions (b) and (c) state the manner for commencing an interlocutory appeal governed by this rule. Two copies of the notice must be filed with the clerk of the lower tribunal within 30 days of rendition of the order. Under rule 9.040(g) the notice and fee must be transmitted immediately to the court by the clerk of the lower tribunal.
Subdivision (d) provides for transmittal of the record only on order of the court. Transmittal should be in accordance with instructions contained in the order.
Subdivision (e) replaces former rule 4.2(e) and governs the service of briefs on interlocutory appeals. The time to serve the appellant's brief has been reduced to 15 days so as to minimize interruption of lower tribunal proceedings. The brief must be accompanied by an appendix containing a conformed copy of the order to be reviewed and should also contain all relevant portions of the record.
Subdivision (f) makes clear that unless a stay is granted under rule 9.310, the lower tribunal is only divested of jurisdiction to enter a final order disposing of the case. This follows the historical rule that trial courts are divested of jurisdiction only to the extent that their actions are under review by an appellate court. Thus, the lower tribunal has jurisdiction to proceed with matters not before the court. This rule is intended to resolve the confusion spawned by De La Portilla v. De La Portilla, 304 So.2d 116 (Fla.1974), and its progeny.
Subdivision (g) was embodied in former rule 4.2(a) and is intended to make clear that the failure to take an interlocutory appeal does not constitute a waiver of any sort on appeal of a final judgment, although an improper ruling might not then constitute prejudicial error warranting reversal.
1992 Amendment. Subdivisions (a)(3)(C)(vii) and (a)(6) were added to permit appeals from non-final orders that either granted or denied a party's request that a class be certified. The committee was of the opinion that orders determining the nature of an action and the extent of the parties before the court were analogous to other orders reviewable under rule 9.130. Therefore, these 2 subdivisions were added to the other limited enumeration of orders appealable by the procedures established in this rule.
Subdivision (a)(3)(D) was added by the committee in response to the decision in Twinjay Chambers Partnership v. Suarez, 556 So.2d 781 (Fla. 2d DCA 1990). It was the opinion of the committee that orders that deny the appointment of receivers or terminate or refuse to terminate receiverships are of the same quality as those that grant the appointment of a receiver. Rather than base the appealability of such orders on subdivision (a)(3)(C)(ii), the committee felt it preferable to specifically identify those orders with respect to a receivership that were non-final orders subject to appeal by this rule.
Subdivision (c) was amended to require the attachment of a conformed copy of the order or orders designated in the notice of appeal consistent with the amendment to rule 9.110(d).
1996 Amendment. The amendment to subdivision (a)(3)(C)(vi) moves the phrase "as a matter of law" from the end of the subdivision to its beginning. This is to resolve the confusion evidenced in Breakers Palm Beach v. Gloger, 646 So.2d 237 (Fla. 4th DCA 1994), City of Lake Mary v. Franklin, 668 So.2d 712 (Fla. 5th DCA 1996), and their progeny by clarifying that *863 this subdivision was not intended to grant a right of nonfinal review if the lower tribunal denies a motion for summary judgment based on the existence of a material fact dispute.
Subdivision (a)(3)(C)(viii) was added in response to the supreme court's request in Tucker v. Resha, 648 So.2d 1187 (Fla. 1994). The court directed the committee to propose a new rule regarding procedures for appeal of orders denying immunity in federal civil rights cases consistent with federal procedure. Compare Johnson v. Jones, 515 U.S. 304, 115 S.Ct. 2151, 132 L.Ed.2d 238 (1995), with Mitchell v. Forsyth, 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). The Florida Supreme Court held that such orders are "subject to interlocutory review to the extent that the order turns on an issue of law."
2000 Amendment. The title to this rule was amended to reflect that some of the review proceedings specified in this rule may involve review of final orders.
Subdivision (a)(1) was amended to reflect that the appellate jurisdiction of circuit courts is prescribed by general law and not by this rule, as clarified in Blore v. Fierro, 636 So.2d 1329 (Fla.1994).
Subdivision (a)(3)(c)(iv) allowing review of orders determining "the issue of liability in favor of a party seeking affirmative relief" was deleted so that such orders are not appealable until the conclusion of the case.
Subdivision (a)(7) was deleted because it is superseded by proposed rule 9.040(b)(2), which determines the appropriate court to review non-final orders after a change of venue.

RULE 9.140. APPEAL PROCEEDINGS IN CRIMINAL CASES
(a) Applicability. Appeal proceedings in criminal cases shall be as in civil cases except as modified by this rule.
(b) Appeals by Defendant.
(1) Appeals Permitted. A defendant may appeal
(A) a final judgment adjudicating guilt;
(B) a final order withholding adjudication after a finding of guilt;
(BC) an order granting probation or community control, or both, whether or not guilt has been adjudicated;
(CD) orders entered after final judgment or finding of guilt, including orders revoking or modifying probation or community control, or both, or orders denying relief under Florida Rule of Criminal Procedure 3.800(a) or 3.850;
(DE) an unlawful or illegal sentence;
(EF) a sentence, if the appeal is required or permitted by general law; or
(FG) as otherwise provided by general law.
(2) Guilty or Nolo Contendere Pleas.
(2A) Pleas. A defendant may not appeal from a guilty or nolo contendere plea except as follows:
(Ai) Reservation of Right to Appeal. A defendant who pleads guilty or nolo contendere may expressly reserve the right to appeal a prior dispositive order of the lower tribunal, identifying with particularity the point of law being reserved.
(Bii) Appeals Otherwise Allowed. A defendant who pleads guilty or nolo contendere may otherwise directly appeal only
(i)a. the lower tribunal's lack of subject matter jurisdiction;
(ii)b. a violation of the plea agreement, if preserved by a motion to withdraw plea;
(iii)c. an involuntary plea, if preserved by a motion to withdraw plea;
(iv)d. a sentencing error, if preserved; or
(v)e. as otherwise provided by law.
*864 (CB) Record.
(i) Except for appeals under subdivision (b)(2)(A) of this rule, the record for appeals involving a plea of guilty or nolo contendere shall be limited to:
a. all indictments, informations, affidavits of violation of probation or community control, and other charging documents;
b. the plea and sentencing hearing transcripts;
c. any written plea agreements;
d. any judgments, sentences, scoresheets, motions, and orders to correct or modify sentences, orders imposing, modifying, or revoking probation or community control, orders assessing costs, fees, fines, or restitution against the defendant, and any other documents relating to sentencing;
e. any motion to withdraw plea and order thereon;
f. notice of appeal, statement of judicial acts to be reviewed, directions to the clerk, and designation to the court reporter.
(ii) Upon good cause shown, the court, or the lower tribunal before the record is transmitted, may expand the record.
(3) Commencement. The defendant shall file the notice prescribed by rule 9.110(d) with the clerk of the lower tribunal at any time between rendition of a final judgment and 30 days following rendition of a written order imposing sentence. Copies shall be served on the state attorney and attorney general.
(4) Cross-Appeal. A defendant may cross-appeal by serving a notice within 10 days of service of the state's notice or service of an order on a motion pursuant to ruleFlorida Rule of Criminal Procedure 3.800(b)(2). Review of cross-appeals before trial is limited to related issues resolved in the same order being appealed.
(5) Withdrawal of Defense Counsel after Judgment and Sentence. The attorney of record for a defendant in a criminal proceeding shall not be relieved of any professional duties, or be permitted to withdraw as counsel of record, except with approval of the lower tribunal on good cause shown on written motion, until after
(A) the following have been completed:
(i) The notice of appeal has been filed.
(ii) The statement of judicial acts to be reviewed has been filed, if a transcript will require the expenditure of public funds.
(iii) Directions to the clerk have been filed, if necessary.
(iv) A designation of that portion of the reporter's transcript necessary to support the statement of judicial acts to be reviewed has been filed, if a transcript will require expenditure of public funds.
(v) Substitute counsel has been obtained or appointed, or a statement has been filed with the appellate court that the appellant has exercised the right to self-representation. In publicly-funded cases, the public defender for the local circuit court shall initially be appointed until the record is transmitted to the appellate court.
Or
(B) the time has expired for the filing of notice of appeal, and no such notice has been filed.
Orders allowing withdrawal of counsel are conditional and counsel shall remain of record for the limited purpose of representing the defendant in the lower tribunal regarding any sentencing error the lower tribunal is authorized to address during the pendency of the direct appeal pursuant to Florida Rule of Criminal Procedure 3.800(b)(2).
(6) Procedure in Death Penalty Appeals.
*865 (A) When the notice of appeal is filed in the supreme court, the chief justice will direct the appropriate chief judge of the circuit court to monitor the preparation of the complete record for timely filing in the supreme court.
(B) After the record is filed, the clerk will promptly establish a briefing schedule allowing the defendant 60 days from the date the record is filed, the state 45 days from the date the defendant's brief is served, and the defendant 30 days from the date the state's brief is served to serve their respective briefs. On appeals from orders ruling on applications for relief under Florida Rule of Criminal Procedure 3.850, and on resentencing matters, the schedules set forth in subdivision (f) of this rule will control. In addition to filing paper copies of transcripts, the court reporter shall file with the clerk of the lower tribunal, on clearly labeled computer disks in a format approved by the supreme court, sufficient copies of these transcripts for the clerk of the lower tribunal to include the disks in the record transmitted to the court and to the parties.
(C) If any brief is delinquent, an order to show cause may issue under Florida Rule of Criminal Procedure 3.840, and sanctions may be imposed.
(D) Oral argument will be scheduled after the filing of the defendant's reply brief.
(E) In death penalty cases, all petitions for extraordinary relief over which the supreme court has original jurisdiction, including petitions for writ of habeas corpus, shall be filed simultaneously with the initial brief in the appeal from the lower tribunal's order on the defendant's application for relief under Florida Rule of Criminal Procedure 3.850. Subdivision (j) of this rule shall not apply to death penalty cases.
(c) Appeals by the State.
(1) Appeals Permitted. The state may appeal an order
(A) dismissing an indictment or information or any count thereof or dismissing an affidavit charging the commission of a criminal offense, the violation of probation, the violation of community control, or the violation of any supervised correctional release;
(B) suppressing before trial confessions, admissions, or evidence obtained by search and seizure;
(C) granting a new trial;
(D) arresting judgment;
(E) granting a motion for judgment of acquittal after a jury verdict;
(F) discharging a defendant under Florida Rule of Criminal Procedure 3.191;
(G) discharging a prisoner on habeas corpus;
(H) finding a defendant incompetent or insane;
(I) ruling on a question of law if a convicted defendant appeals the judgment of conviction;
(J) imposing an unlawful or illegal sentence or imposing a sentence outside the range permitted by the sentencing guidelines;
(K) imposing a sentence outside the range recommended by the sentencing guidelines;
(L) denying restitution; or
(M) as otherwise provided by general law for final orders.
(2) Non-Final Orders. The state as provided by general law may appeal to the circuit court non-final orders rendered in the county court.
(3) Commencement. The state shall file the notice prescribed by rule 9.110(d) with the clerk of the lower tribunal within 15 days of rendition of the order to be reviewed; provided that in an appeal by the state under rule 9.140(c)(1)(I), the state's notice of cross-appeal shall be filed within 10 days of service of defendant's notice or service of an order on a motion *866 pursuant to rule 3.800(b)(2). Copies shall be served on the defendant and the attorney of record. An appeal by the state shall stay further proceedings in the lower tribunal only by order of the lower tribunal.
(d) Sentencing Errors. A sentencing error may not be raised on appeal unless the alleged error has first been brought to the attention of the lower tribunal:
(1) at the time of sentencing; or
(2) by motion pursuant to Florida Rule of Criminal Procedure 3.800(b).
(e) Record.
(1) Service. The clerk of the lower tribunal shall prepare and serve the record prescribed by rule 9.200 within 50 days of the filing of the notice of appeal.
(2) Transcripts.
(A) If a defendant's designation of a transcript of proceedings requires expenditure of public funds, trial counsel for the defendant (in conjunction with appellate counsel, if possible) shall serve, within 10 days of filing the notice, a statement of judicial acts to be reviewed, and a designation to the court reporter requiring preparation of only so much of the proceedings as fairly supports the issue raised.
(B) Either party may file motions in the lower tribunal to reduce or expand the transcripts.
(C) Except as permitted in subdivision (e)(2)(D) of this rule, the parties shall designate the court reporter to file with the clerk of the lower tribunal the original transcripts for the court and sufficient copies for the state and all indigent defendants.
(D) Non-indigent defendants represented by counsel may designate the court reporter to prepare only original transcripts. Counsel adopting this procedure shall, within 5 days of receipt of the original transcripts from the court reporter, file the original transcripts along with securely bound copies for the state and all defendants. Counsel shall serve notice of the use of this procedure on the attorney general (or the state attorney in appeals to circuit court) and the clerk of the lower tribunal. Counsel shall attach a certificate to each copy certifying that it is an accurate and complete copy of the original transcript. When this procedure is used, the clerk of the lower tribunal upon conclusion of the appeal shall retain the original transcript for use as needed by the state in any collateral proceedings and shall not destroy the transcripts without the consent of the Office of the Attorney General.
(E) In state appeals, the state shall designate the court reporter to prepare and file with the clerk of the lower tribunal the original transcripts and sufficient copies for all separately represented defendants. Alternatively, the state may elect to use the procedure specified in subdivision (e)(2)(D) of this rule.
(F) The lower tribunal may by administrative order in publicly-funded cases direct the clerk of the lower tribunal rather than the court reporter to prepare the necessary copies of the original transcripts.
(3) Retention of Documents. Unless otherwise ordered by the court, the clerk of the lower tribunal shall retain all original documents except the original transcripts designated for appeal which shall be included in the record transmitted to the court.
(4) Service of Copies. The clerk of the lower tribunal shall serve copies of the record to the court, attorney general (or state attorney in appeals to circuit court), and all counsel appointed to represent indigent defendants on appeal. The clerk of the lower tribunal shall simultaneously serve copies of the index to all non-indigent defendants and, upon their request, copies of the record or portions thereof at the cost prescribed by law.
(5) Return of Record. Except in death penalty cases, the court shall return *867 the record to the lower tribunal after final disposition of the appeal.
(6) Supplemental Record for Motion to Correct Sentencing Error Pursuant to Florida Rule of Criminal Procedure 3.800(b)(2).
(A) The clerk of circuit court shall automatically supplement the appellate record with any motion pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), any response, any resulting order, and any amended sentence. The clerk shall transmit the supplement to the appellate court within 5 days of the filing of the order ruling on the motion. If an order is not filed within 60 days from the filing of the motion, this time shall run from the expiration of the 60 day period, and the clerk shall supplement the record with the motion and a statement that no order was timely filed.
(B) If any appellate counsel determines that a transcript of a proceeding relating to such a motion is required to review the sentencing issue, appellate counsel shall, within 5 days from the transmittal of the supplement described in subdivision (A), designate those portions of the proceedings not on file deemed necessary for transcription and inclusion in the record. A copy of the designation shall be filed with the appellate court. The procedure for this supplementation shall be in accordance with Florida Rule of Appellate Procedure 9.140(e), except that counsel is not required to file a revised statement of judicial acts to be reviewed, the court reporter shall deliver the transcript within 15 days, and the clerk shall supplement the record with the transcript within 5 days of its receipt.
(f) Briefs. Initial briefs shall be served within 30 days of service of the record or designation of appointed counsel, whichever is later. Additional briefs shall be served as prescribed by rule 9.210.
(g) Post-Trial Release.
(1) Appeal by Defendant. The lower tribunal may hear a motion for post-trial release pending appeal before or after a notice is filed; provided that the defendant may not be released from custody until the notice is filed.
(2) Appeal by State. An incarcerated defendant charged with a bailable offense shall on motion be released on the defendant's own recognizance pending an appeal by the state, unless the lower tribunal for good cause stated in an order determines otherwise.
(3) Denial of Post-Trial Release. All orders denying post-trial release shall set forth the factual basis on which the decision was made and the reasons therefor.
(4) Review. Review of an order relating to post-trial release shall be by the court on motion.
(h) Scope of Review. The court shall review all rulings and orders appearing in the record necessary to pass upon the grounds of an appeal. In the interest of justice, the court may grant any relief to which any party is entitled. In death penalty cases, the court shall review the evidence to determine if the interest of justice requires a new trial, whether or not insufficiency of the evidence is an issue presented for review.
(i) Appeals from Summary Denial of Motion for Post Conviction Relief Under Florida Rule of Criminal Procedure 3.800(a) or 3.850. An appeal from an order denying relief under Florida Rule of Criminal Procedure 3.800(a) or 3.850 with out a hearing shall be commenced as prescribed by rule 9.110. The clerk of the lower tribunal shall, along with the certified copy of the notice, transmit to the court as the record, conformed copies of the motion, order, motion for rehearing, and order thereon, and attachments to any of the foregoing. No briefs or oral argument shall be required, but any appellant's brief shall be filed within 15 days of the filing of the notice of appeal. Unless the record shows conclusively that the appellant *868 is entitled to no relief, the order shall be reversed and the cause remanded for an evidentiary hearing. The court may request a response from the state before ruling.
(j) Petitions Seeking Belated Appeal or Alleging Ineffective Assistance of Appellate Counsel.
(1) Forum. Petitions seeking belated appeal or alleging ineffective assistance of appellate counsel shall be filed in the appellate court to which the appeal was or should have been taken.
(2) Contents. The petition shall be in the form prescribed by rule 9.100, may include supporting documents, and shall recite in the statement of facts
(A) the date and nature of the lower tribunal's order sought to be reviewed;
(B) the name of the lower tribunal rendering the order;
(C) the nature, disposition, and dates of all previous proceedings in the lower tribunal and, if any, in appellate courts;
(D) if a previous petition was filed, the reason the claim in the present petition was not raised previously;
(E) the nature of the relief sought; and
(F) the specific facts sworn to by the petitioner or petitioner's counsel that constitute the alleged ineffective assistance of counsel or basis for entitlement to belated appeal, including in the case of a petition for belated appeal whether the petitioner requested counsel to proceed with the appeal.
(3) Time limits.
(A) A petition for belated appeal shall not be filed more than two years after the expiration of time for filing the notice of appeal from a final order, unless it alleges under oath with a specific factual basis that the petitioner
(i) was unaware an appeal had not been timely filed or was not advised of the right to an appeal; and
(ii) should not have ascertained such facts by the exercise of reasonable diligence.
(B) A petition alleging ineffective assistance of appellate counsel shall not be filed more than two years after the conviction becomes final on direct review unless it alleges under oath with a specific factual basis that the petitioner was affirmatively misled about the results of the appeal by counsel.
(C) Time periods under this subdivision shall not begin to run prior to the effective date of this rule.
(4) Service. The petitioner shall serve copies of the petition on the attorney general and state attorney.
(5) Procedure.
(A) Rule 9.100 shall govern the processing of the petition.
(B) The court may by order identify any provision of this rule that the petition fails to satisfy and, pursuant to rule 9.040(d), allow the petitioner a specified time to serve an amended petition.
(C) The court may dismiss a second or successive petition if it does not allege new grounds and the prior determination was on the merits, or if a failure to assert the grounds was an abuse of procedure.
(D) An order granting a petition for belated appeal shall be filed with the lower tribunal and treated as the notice of appeal, if no previous notice has been filed.

Committee Notes
1977 Amendment. This rule represents a substantial revision of the procedure in criminal appeals.
Subdivision (a) makes clear the policy of these rules that procedures be standardized to the maximum extent possible. Criminal appeals are to be governed by the same rules as other cases, except for *869 those matters unique to criminal law that are identified and controlled by this rule.
Subdivision (b)(1) lists the only matters that may be appealed by a criminal defendant, and it is intended to supersede all other rules of practice and procedure. This rule has no effect on either the availability of extraordinary writs otherwise within the jurisdiction of the court to grant, or the supreme court's jurisdiction to entertain petitions for the constitutional writ of certiorari to review interlocutory orders. This rule also incorporates the holding in State v. Ashby, 245 So.2d 225 (Fla.1971), and is intended to make clear that the reservation of the right to appeal a judgment based on the plea of no contest must be express and must identify the particular point of law being reserved; any issues not expressly reserved are waived. No direct appeal of a judgment based on a guilty plea is allowed. It was not intended that this rule affect the substantive law governing collateral review.
Subdivision (b)(2) replaces former rule 6.2. Specific reference is made to rule 9.110(d) to emphasize that criminal appeals are to be prosecuted in substantially the same manner as other cases. Copies of the notice, however, must be served on both the state attorney and the attorney general. The time for taking an appeal has been made to run from the date judgment is rendered to 30 days after an order imposing sentence is rendered or otherwise reduced to writing. The former rule provided for appeal within 30 days of rendition of judgment or within 30 days of entry of sentence. The advisory committee debated the intent of the literal language of the former rule. Arguably, under the former rule an appeal could not be taken by a defendant during the "gap period" that occurs when sentencing is postponed more than 30 days after entry of judgment. The advisory committee concluded that no purpose was served by such an interpretation because the full case would be reviewable when the "gap" closed. This modification of the former rule promotes the policies underlying Williams v. State, 324 So.2d 74 (Fla.1975), in which it was held that a notice of appeal prematurely filed should not be dismissed, but held in abeyance until it becomes effective. This rule does not specifically address the issue of whether full review is available if re-sentencing occurs on order of a court in a collateral proceeding. Such cases should be resolved in accordance with the underlying policies of these rules. Compare Wade v. State, 222 So.2d 434 (Fla. 2d DCA 1969), with Neary v. State, 285 So.2d 47 (Fla. 4th DCA 1973). If a defendant appeals a judgment of conviction of a capital offense before sentencing and sentencing is anticipated, the district court of appeal (as the court then with jurisdiction) should hold the case in abeyance until the sentence has been imposed. If the death penalty is imposed, the district court of appeal should transfer the case to the supreme court for review. See § 921.141(4), Fla. Stat. (1975); Fla. R.App. P. 9.040(b).
Subdivision (b)(3) governs the service of briefs. Filing should be made in accordance with rule 9.420.
Subdivision (c)(1) lists the only matters that may be appealed by the state, but it is not intended to affect the jurisdiction of the supreme court to entertain by certiorari interlocutory appeals governed by rule 9.100, or the jurisdiction of circuit courts to entertain interlocutory appeals of pretrial orders from the county courts. See State v. Smith, 260 So.2d 489 (Fla.1972). No provision of this rule is intended to conflict with a defendant's constitutional right not to be placed twice in jeopardy, and it should be interpreted accordingly. If there is an appeal under item (A), a motion for a stay of the lower tribunal proceeding should be liberally granted in cases in which there appears to be a substantial possibility that trial of any non-dismissed charges would bar prosecution of the dismissed charges if the dismissal were reversed, such as in cases involving the so-called *870 "single transaction rule." Item (E) refers to the popularly known "speedy trial rule," and items (F), (G), and (H) track the balance of state appellate rights in section 924.07, Florida Statutes (1975).
Subdivision (c)(2) parallels subdivision (b)(2) regarding appeals by defendants except that a maximum of 15 days is allowed for filing the notice. An appeal by the state stays further proceedings in the lower tribunal only if an order has been entered by the trial court.
Subdivision (c)(3) governs the service of briefs.
Subdivision (d) applies rule 9.200 to criminal appeals and sets forth the time for preparation and service of the record, and additional matters peculiar to criminal cases. It has been made mandatory that the original record be held by the lower tribunal to avoid loss and destruction of original papers while in transit. To meet the needs of appellate counsel for indigents, provision has been made for automatic transmittal of a copy of the record to the public defender appointed to represent an indigent defendant on appeal, which in any particular case may be the public defender either in the judicial circuit where the trial took place or in the judicial circuit wherein the appellate court is located. See § 27.51(4), Fla. Stat. (1975). Counsel for a non-indigent defendant may obtain a copy of the record at the cost prescribed by law. At the present time, section 28.24(13), Florida Statutes (1975), as amended by chapter 77-284, § 1, Laws of Florida, prescribes a cost of $1 per page.
To conserve the public treasury, appeals by indigent defendants, and other criminal defendants in cases in which a free transcript is provided, have been specially treated. Only the essential portions of the transcript are to be prepared. The appellant must file a statement of the judicial acts to be reviewed on appeal and the parties are to file and serve designations of the relevant portions of the record. (This procedure emphasizes the obligation of trial counsel to cooperate with appellate counsel, if the two are different, in identifying alleged trial errors.) The statement is necessary to afford the appellee an opportunity to make a reasonable determination of the portions of the record required. The statement should be sufficiently definite to enable the opposing party to make that determination, but greater specificity is unnecessary. The statement of judicial acts contemplated by this rule is not intended to be the equivalent of assignments of error under former rule 3.5. Therefore, an error or inadequacy in the statement should not be relevant to the disposition of any case. In such circumstances, the appropriate procedure would be to supplement the record under rule 9.200(f) to cure any potential or actual prejudice. Either party may move in the lower tribunal to strike unnecessary portions before they are prepared or to expand the transcript. The ruling of the lower tribunal on such motions is reviewable by motion to the court under rule 9.200(f) if a party asserts additional portions are required.
Subdivision (e) replaces former rule 6.15. Subdivision (e)(1) governs if an appeal is taken by a defendant and permits a motion to grant post-trial release pending appeal to be heard although a notice of appeal has not yet been filed. The lower tribunal may then grant the motion effective on the notice being filed. This rule is intended to eliminate practical difficulties that on occasion have frustrated the cause of justice, as in cases in which a defendant's attorney has not prepared a notice of appeal in advance of judgment. Consideration of such motions shall be in accordance with section 903.132, Florida Statutes (Supp. 1976), and Florida Rule of Criminal Procedure 3.691. This rule does not apply if the judgment is based on a guilty plea because no right to appeal such a conviction is recognized by these rules.
Subdivision (e)(2) governs if the state takes an appeal and authorizes release of the defendant without bond, if charged *871 with a bailable offense, unless the lower tribunal for good cause orders otherwise. The "good cause" standard was adopted to ensure that bond be required only in rare circumstances. The advisory committee was of the view that because the state generally will not be able to gain a conviction unless it prevails, the presumed innocent defendant should not be required to undergo incarceration without strong reasons, especially if a pre-trial appeal is involved. "Good cause" therefore includes such factors as the likelihood of success on appeal and the likelihood the defendant will leave the jurisdiction in light of the current status of the charges against the defendant.
Subdivision (e)(3) retains the substance of former rules 6.15(b) and (c). The lower tribunal's order must contain a statement of facts as well as the reasons for the action taken, in accordance with Younghans v. State, 90 So.2d 308 (Fla.1956).
Subdivision (e)(4) allows review only by motion so that no order regarding post-trial relief is reviewable unless jurisdiction has been vested in the court by the filing of a notice of appeal. It is intended that the amount of bail be reviewable for excessiveness.
Subdivision (f) interacts with rule 9.110(h) to allow review of multiple judgments and sentences in 1 proceeding.
Subdivision (g) sets forth the procedure to be followed if there is a summary denial without hearing of a motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850. This rule does not limit the right to appeal a denial of such a motion after hearing under rule 9.140(b)(1)(C).
1980 Amendment. Although the substance of this rule has not been changed, the practitioner should note that references in the 1977 committee notes to supreme court jurisdiction to review non-final orders that would have been appealable if they had been final orders are obsolete because jurisdiction to review those orders no longer reposes in the supreme court.
1984 Amendment. Subdivision (b)(4) was added to give effect to the administrative order entered by the supreme court on May 6, 1981 (6 Fla. L. Weekly 336), which recognized that the procedures set forth in the rules for criminal appeals were inappropriate for capital cases.
1992 Amendment. Subdivision (b)(3) was amended to provide that, in cases in which public funds would be used to prepare the record on appeal, the attorney of record would not be allowed to withdraw until substitute counsel has been obtained or appointed.
Subdivision (g) was amended to provide a specific procedure to be followed by the courts in considering appeals from summary denial of Florida Rule of Criminal Procedure 3.800(a) motions. Because such motions are in many respects comparable to Florida Rule of Criminal Procedure 3.850 motions, it was decided to use the available format already created by existing subdivision (g) of this rule. Because a Florida Rule of Criminal Procedure 3.800(a) motion does not have the same detailed requirements as does a Florida Rule of Criminal Procedure 3.850 motion, this subdivision also was amended to require the transmittal of any attachments to the motions in the lower court.
1996 Amendment. The 1996 amendments are intended to consolidate and clarify the rules to reflect current law unless otherwise specified.
Rule 9.140(b)(2)(B) was added to accurately reflect the limited right of direct appeal after a plea of guilty or nolo contendere. See Robinson v. State, 373 So.2d 898 (Fla.1979), and Counts v. State, 376 So.2d 59 (Fla. 2d DCA 1979).
New subdivision (b)(4) reflects Lopez v. State, 638 So.2d 931 (Fla.1994). A defendant may cross-appeal as provided, but if the defendant chooses not to do so, the defendant retains the right to raise any *872 properly preserved issue on plenary appeal. It is the committee's intention that the 10-day period for filing notice of the cross-appeal should be interpreted in the same manner as in civil cases under rule 9.110(g).
Rule 9.140(b)(6)(E) adopts Florida Rule of Criminal Procedure 3.851(b)(2) and is intended to supersede that rule. See Fla. R. Jud. Admin. 2.135. The rule also makes clear that the time periods in rule 9.140(j) do not apply to death penalty cases.
The revised rules 9.140(e)(2)(D) and 9.140(e)(2)(E) are intended to supersede Brown v. State, 639 So.2d 634 (Fla. 5th DCA 1994), and allow non-indigent defendants represented by counsel, and the state, to order just the original transcript from the court reporter and to make copies. However, the original and copies for all other parties must then be served on the clerk of the lower tribunal for inclusion in the record. The revised rule 9.140(e)(2)(F) also allows chief judges for each circuit to promulgate an administrative order requiring the lower tribunal clerk's office to make copies of the transcript when the defendant is indigent. In the absence of such an administrative order, the court reporter will furnish an original and copies for all parties in indigent appeals.
Rule 9.140(j)(3) imposes a two-year time limit on proceedings to obtain delayed appellate review based on either the ineffectiveness of counsel on a prior appeal or the failure to timely initiate an appeal by appointed counsel. The former was previously applied for by a petition for writ of habeas corpus in the appellate court and the latter by motion pursuant to Florida Rule of Criminal Procedure 3.850 in the trial court. Because both of these remedies did not require a filing fee, it is contemplated that no fee will be required for the filing of petitions under this rule. Subdivision (j)(3)(B) allows two years "after the conviction becomes final." For purposes of the subdivision a conviction becomes final after issuance of the mandate or other final process of the highest court to which direct review is taken, including review in the Florida Supreme Court and United States Supreme Court. Any collateral review shall not stay the time period under this subdivision. Subdivision (j)(3)(C) under this rule makes clear that defendants who were convicted before the effective date of the rule will not have their rights retroactively extinguished but will be subject to the time limits as calculated from the effective date of the rule unless the time has already commenced to run under rule 3.850.
Rule 9.140(j)(5) was added to provide a uniform procedure for requesting belated appeal and to supersede State v. District Court of Appeal of Florida, First District, 569 So.2d 439 (Fla.1990). This decision resulted in there being two procedures for requesting belated appeal: Florida Rule of Criminal Procedure 3.850 when the criminal appeal was frustrated by ineffective assistance of trial counsel, id.; and habeas corpus for everything else. See Scalf v. Singletary, 589 So.2d 986 (Fla. 2d DCA 1991). Experience showed that filing in the appellate court was more efficient. This rule is intended to reinstate the procedure as it existed prior to State v. District Court of Appeal, First District. See Baggett v. Wainwright, 229 So.2d 239 (Fla. 1969); State v. Meyer, 430 So.2d 440 (Fla. 1983).
In the rare case where entitlement to belated appeal depends on a determination of disputed facts, the appellate court may appoint a commissioner to make a report and recommendation.
2000 Amendment. Subdivision (b)(1)(B) was added to reflect the holding of State v. Schultz, 720 So.2d 247 (Fla. 1998). The amendment to renumber subdivision (b)(1)(D), regarding appeals from orders denying relief under Florida Rules of Criminal Procedure 3.800(a) or 3.850, reflects current practice.
*873 The committee added language to subdivision (b)(6)(B) to require court reporters to file transcripts on computer disks in death penalty cases. Death penalty transcripts typically are lengthy, and many persons review and use them over the years. In these cases, filing lengthy transcripts on computer disks makes them easier to use for all parties and increases their longevity.
The committee deleted the last sentence of subdivision (b)(6)(E) because its substance is now included in rule 9.141(a). The committee also amended and transferred subdivisions (i) and (j) to rule 9.141 for the reasons specified in the committee note for that rule.

Court Commentary
1996. Rule 9.140 was substantially rewritten so as to harmonize with the Criminal Appeal Reform Act of 1996 (CS/HB 211). The reference to unlawful sentences in rule 9.140(b)(1)(D) and (c)(1)(J) means those sentences not meeting the definition of illegal under Davis v. State, 661 So.2d 1193 (Fla.1995), but, nevertheless, subject to correction on direct appeal.

9.141. REVIEW PROCEEDINGS IN COLLATERAL OR POST-CONVICTION CRIMINAL CASES
(a) Death Penalty Cases. This rule does not apply to death penalty cases.
(b) Appeals from Post-Conviction Proceedings Under Florida Rule of Criminal Procedure 3.800(a) or 3.850.
(1) Applicability of Civil Appellate Procedures. Appeal proceedings under this subdivision shall be as in civil cases, except as modified by this rule.
(2) Summary Grant or Denial of Motion Without Evidentiary Hearing.
(A) When a motion for post-conviction relief under rule 3.800(a) or 3.850 is granted or denied without an evidentiary hearing, the clerk of the lower tribunal shall transmit to the court, as the record, copies of the motion, response, reply, order on the motion, motion for rehearing, response, reply, order on the motion for rehearing, and attachments to any of the foregoing, together with the certified copy of the notice of appeal.
(B) Unless directed otherwise by the court, the clerk of the lower tribunal shall not index or paginate the record or send copies of the index or record to the parties.
(C) No briefs or oral argument shall be required, but any appellant's brief shall be filed within 15 days of the filing of the notice of appeal. The court may request a response from the appellee before ruling.
(D) On appeal from the denial of relief, unless the record shows conclusively that the appellant is entitled to no relief, the order shall be reversed and the cause remanded for an evidentiary hearing or other appropriate relief.
(3) Grant or Denial of Motion after Evidentiary Hearing.
(A) Transcription. In the absence of designations to the court reporter, the notice of appeal filed by an indigent pro se litigant in a rule 3.850 appeal after an evidentiary hearing shall serve as the designation to the court reporter for the transcript of the evidentiary hearing. Within 5 days of receipt of the notice of appeal, the clerk of the lower tribunal shall request the appropriate court reporter to transcribe the evidentiary hearing and shall send the court reporter a copy of the notice, the date of the hearing to be transcribed, the name of the judge, and a copy of this rule.
(B) Record.
(i) When a motion for post-conviction relief under rule 3.850 is granted or denied after an evidentiary hearing, the clerk of the lower tribunal shall index, paginate, and transmit to the court as the record, within 50 days of the filing of the notice of appeal, copies of the notice of appeal, motion, response, reply, order on the motion, motion for rehearing, response, *874 reply, order on the motion for rehearing, and attachments to any of the foregoing, as well as the original transcript of the evidentiary hearing.
(ii) Appellant may direct the clerk to include in the record any other documents that were before the lower tribunal at the hearing. If the clerk is directed to include in the record a previously prepared appellate record involving the appellant, the clerk need not reindex or repaginate it.
(iii) The clerk of the lower tribunal shall serve copies of the record on the attorney general (or state attorney in appeals to the circuit court), all counsel appointed to represent indigent defendants on appeal, and any pro se indigent defendant. The clerk of the lower tribunal shall simultaneously serve copies of the index on all nonindigent defendants and, at their request, copies of the record or portions of it at the cost prescribed by law.
(C) Briefs. Initial briefs shall be served within 30 days of service of the record or its index. Additional briefs shall be served as prescribed by rule 9.210.
(c) Petitions Seeking Belated Appeal or Alleging Ineffective Assistance of Appellate Counsel.
(1) Treatment as Original Proceedings. Review proceedings under this subdivision shall be treated as original proceedings under rule 9.100, except as modified by this rule.
(2) Forum. Petitions seeking belated appeal or alleging ineffective assistance of appellate counsel shall be filed in the appellate court to which the appeal was or should have been taken.
(3) Contents. The petition shall be in the form prescribed by rule 9.100, may include supporting documents, and shall recite in the statement of facts
(A) the date and nature of the lower tribunal's order sought to be reviewed;
(B) the name of the lower tribunal rendering the order;
(C) the nature, disposition, and dates of all previous proceedings in the lower tribunal and, if any, in appellate courts;
(D) if a previous petition was filed, the reason the claim in the present petition was not raised previously;
(E) the nature of the relief sought; and
(F) the specific acts sworn to by the petitioner or petitioner's counsel that constitute the alleged ineffective assistance of counsel or basis for entitlement to belated appeal, including in the case of a petition for belated appeal whether the petitioner requested counsel to proceed with the appeal.
(4) Time Limits.
(A) A petition for belated appeal shall not be filed more than 2 years after the expiration of time for filing the notice of appeal from a final order, unless it alleges under oath with a specific factual basis that the petitioner
(i) was unaware an appeal had not been timely filed or was not advised of the right to an appeal; and
(ii) should not have ascertained such facts by the exercise of reasonable diligence.
(B) A petition alleging ineffective assistance of appellate counsel shall not be filed more than 2 years after the conviction becomes final on direct review unless it alleges under oath with a specific factual basis that the petitioner was affirmatively misled about the results of the appeal by counsel.
(C) Time periods under this subdivision shall not begin to run prior to January 1, 1997.
(5) Procedure.
(A) The petitioner shall serve copies of the petition on the attorney general and state attorney.
*875 (B) The court may by order identify any provision of this rule that the petition fails to satisfy and, pursuant to rule 9.040(d), allow the petitioner a specified time to serve an amended petition.
(C) The court may dismiss a second or successive petition if it does not allege new grounds and the prior determination was on the merits, or if a failure to assert the grounds was an abuse of procedure.
(D) An order granting a petition for belated appeal shall be filed with the lower tribunal and treated as the notice of appeal, if no previous notice has been filed.

Committee Notes
2000 Amendment. Rule 9.141 is a new rule governing review of collateral or post-conviction criminal cases. It covers topics formerly included in rules 9.140(i) and (j). The committee opted to transfer these subjects to a new rule, in part because rule 9.140 was becoming lengthy. In addition, review proceedings for collateral criminal cases are in some respects treated as civil appeals or as extraordinary writs, rather than criminal appeals under rule 9.140.
Subdivision (a) clarifies that this rule does not apply to death penalty cases. The Supreme Court has its own procedures for these cases, and the committee did not attempt to codify them.
Subdivision (b)(2) amends former rule 9.140(i) and addresses review of summary grants or denials of post-conviction motions under Florida Rules of Criminal Procedure 3.800(a) or 3.850. Amended language in subdivision (b)(2)(A) makes minor changes to the contents of the record in such cases. Subdivision (b)(2)(B) addresses a conflict between Summers v. State, 570 So.2d 990 (Fla. 1st DCA 1990), and Fleming v. State, 709 So.2d 135 (Fla. 2d DCA 1998), regarding indexing and pagination of records. The First District requires clerks to index and paginate the records, while the other district courts do not. The committee determined not to require indexing and pagination unless the court directs otherwise, thereby allowing individual courts to require indexing and pagination if they so desire. Subdivision (b)(2)(B) also provides that neither the state nor the defendant should get a copy of the record in these cases, because they should already have all of the relevant documents. Subdivision (b)(2)(D) reflects current case law that the court can reverse not only for an evidentiary hearing but also for other appropriate relief.
Subdivision (b)(3) addresses review of grants or denials of post-conviction motions under rule 3.850 after an evidentiary hearing. Subdivision (b)(3)(A) provides for the preparation of a transcript if an indigent pro se litigant fails to request the court reporter to prepare it. The court cannot effectively carry out its duties without a transcript to review, and an indigent litigant will usually be entitled to preparation of the transcript and a copy of the record at no charge. See Colonel v. State, 723 So.2d 853 (Fla. 3d DCA 1998). The procedures in subdivisions (b)(3)(B) and (C) for preparation of the record and service of briefs are intended to be similar to those provided in rule 9.140 for direct appeals from judgments and sentences.
Subdivision (c) is a slightly reorganized and clarified version of former rule 9.140(j). No substantive changes are intended.

RULE 9.146. APPEAL PROCEEDINGS IN JUVENILE DEPENDENCY AND TERMINATION OF PARENTAL RIGHTS CASES AND CASES INVOLVING FAMILIES AND CHILDREN IN NEED OF SERVICES
(a) Applicability. Appeal proceedings in juvenile dependency and termination of parental rights cases and cases involving families and children in need of services shall be as in civil cases except as modified by this rule.
(b) Appeals Permitted. Any child, any parent, guardian ad litem, or legal custodian of any child, any other party to the proceeding affected by an order of the *876 lower tribunal, or the appropriate state agency as provided by law may appeal to the appropriate court within the time and in the manner prescribed by these rules.
(c) Stay of Proceedings.
(1) Application. Except as provided by general law and in subdivision (c)(2) of this rule, a party seeking to stay a final or non-final order pending review shall file a motion in the lower tribunal, which shall have continuing jurisdiction, in its discretion, to grant, modify, or deny such relief, after considering the welfare and best interest of the child.
(2) Termination of Parental Rights. The taking of an appeal shall not operate as a stay in any case unless pursuant to an order of the court, except that a termination of parental rights order with placement of the child with a licensed child-placing agency or the Department of Children and Family Services for subsequent adoption shall be suspended while the appeal is pending, but the child shall continue in custody under the order until the appeal is decided.
(d) Retention of Jurisdiction. Transmittal of the record to the appellate court does not remove the jurisdiction of the lower tribunal to conduct judicial reviews or other proceedings related to the health and welfare of the child pending appeal.
(e) References to Child or Parents. When the parent or child is a party to the appeal, the appeal shall be docketed and any papers filed in the court shall be entitled with the initials, but not the name, of the child or parent and the court case number. All references to the child or parent in briefs, other papers, and the decision of the court shall be by initials.
(f) Confidentiality. All papers shall remain sealed in the office of the clerk of the court when not in use by the court, and shall not be open to inspection except by the parties and their counsel, or as otherwise ordered.
(g) Expedited Review. The court shall give priority to appeals under this rule.

Committee Notes
1996 Adoption. The reference in subdivision (a) to cases involving families and children in need of services encompasses only those cases in which an order has been entered adjudicating a child or family in need of services under chapter 39, Florida Statutes.
Subdivision (c) requires the parties to use initials in all references to the child and parents in all briefs and other papers filed in the court in furtherance of the appeal. It does not require the deletion of the names of the child and parents from pleadings and other papers transmitted to the court from the lower tribunal.

RULE 9.180. APPEAL PROCEEDINGS TO REVIEW WORKERS' COMPENSATION CASES
(a) Applicability. Appellate review of proceedings in workers' compensation cases shall be as in civil cases except as specifically modified in this rule.
(b) Jurisdiction.
(1) Appeal. The First District Court of Appeal (the court) shall review by appeal any final order, as well as any nonfinal order of a lower tribunal that adjudicates
(A) jurisdiction;
(B) venue; or
(C) compensability, provided that the order expressly finds an injury occurred within the scope and course of employment and that claimant is entitled to receive causally related benefits in some amount, and provided further that the lower tribunal certifies in the order that determination of the exact nature and amount of benefits due to claimant will require substantial expense and time.
(2) Commencement. Jurisdiction of the court shall be invoked by filing two copies of a notice of appeal with the lower tribunal, accompanied by the filing fee prescribed by law unless a verified petition for *877 relief from payment of the fee has been filed with the lower tribunal within 30 days of the date the order to be reviewed is mailed by the lower tribunal to the parties, which date shall be the date of rendition.
(3) Notice of Appeal. The notice shall be substantially in the form prescribed by rule 9.900(a), and shall contain a brief summary of the type of benefits affected, including a statement setting forth the time periods involved which shall be substantially in the following form:
I hereby certify that this appeal affects only the following periods and classifications of benefits and medical treatment:
1. Compensation for .....(TTD, TPD, wage loss, impairment benefits, PTD, funeral benefits, or death benefits)..... from .....(date)..... to.....(date)......
2. Medical benefits.
3. Rehabilitation.
4. Reimbursement from the SDTF for benefits paid from .....(date)..... to.....(date)......
5. Contribution for benefits paid from .....(date)..... to.....(date)......
(4) Notice to Division and General Counsel. The judge of compensation claims shall send a copy of the notice and a certified copy of the order to the Division of Workers' Compensation and to the general counsel for the Department of Labor and Employment Security.
(c) Jurisdiction of Lower Tribunal.
(1) Substantive Issues. The lower tribunal retains jurisdiction to decide the issues that have not been adjudicated and are not the subject of pending appellate review.
(2) Settlement. At any time before the record on appeal is filed with the court, the lower tribunal shall have the authority to approve settlements or correct clerical errors in the order appealed.
(3) Relinquishment of Jurisdiction by Court to Consider Settlement. If, after the record on appeal is filed, settlement is reached, the parties shall file a joint motion stating that a settlement has been reached and requesting relinquishment of jurisdiction to the lower tribunal for approval of the settlement. The court may relinquish jurisdiction for a specified period for entry of an appropriate order. In the event the division has advanced the costs of preparing the record on appeal or the filing fee, a copy of the joint motion shall be furnished to the division by the appellant.
(A) Notice. On or before the date specified in the order relinquishing jurisdiction, the parties shall file a joint notice of disposition of the settlement with a conformed copy of any order entered on the settlement.
(B) Costs. Any order approving a settlement shall provide where appropriate for the assessment and recovery of appellate costs, including any costs incurred by the division for insolvent appellants.
(d) Benefits Affected. Benefits specifically referenced in the notice of appeal may be withheld as provided by law pending the outcome of the appeal. Otherwise, benefits awarded shall be paid as required by law.
(1) Abandonment. If the appellant or cross-appellant fails to argue entitlement to benefits set forth in the notice of appeal in the appellant's or cross-appellant's initial brief, the challenge to such benefits shall be deemed abandoned. If there is a dispute as to whether a challenge to certain benefits has been abandoned, the court upon motion shall make that determination.
(2) Payments of Benefits When Challenged Benefits aAre Abandoned. When benefits challenged on appeal have been abandoned under subdivision (d)(1) above, benefits no longer affected by the appeal are payable within 30 days of the service of the brief together with interest as required *878 under section 440.20, Florida Statutes, from the date of the order of the lower tribunal making the award.
(3) Payment of Benefits After Appeal. If benefits are ordered paid by the court on completion of the appeal, they shall be paid, together with interest as required under section 440.20, Florida Statutes, within 30 days after the court's mandate. If the order of the court is appealed to the supreme court, benefits determined due by the court may be stayed in accordance with rule 9.310. Benefits ordered paid by the supreme court shall be paid within 30 days of the court's mandate.
(e) Intervention by Division.
(1) District Court. Within 30 days from a notice or petition invoking the jurisdiction of the court the division may intervene by filing a notice of intervention as a party appellant/petitioner or appellee/respondent with the court and take positions on any relevant matters.
(2) Supreme Court. If review of an order of the court is sought in the supreme court, the division may intervene in accordance with these rules. The clerk of the supreme court shall provide a copy of the pertinent papers to the division.
(3) Division Not a Party Until Notice to Intervene iIs Filed. Until the notice of intervention is filed, the division shall not be considered a party.
(f) Record Contents: Final Orders.
(1) Transcript, Order, and Other Documents. The record shall contain the claim(s) or petition(s) for benefits, notice(s) of denial, pretrial stipulation, pretrial order, depositions or exhibits admitted into evidence, transcripts of any hearings before the lower tribunal and the order appealed. The parties may designate other items for inclusion in or omission from the record in accordance with rule 9.200.
(2) Proffered Evidence. Evidence proffered but not introduced into evidence at the hearing shall not be considered unless its admissibility is an issue on appeal and the question is properly designated for inclusion in the record by a party.
(3) Certification and Transmittal. The lower tribunal shall certify and transmit the record to the court as prescribed by these rules.
(4) Stipulated Record. The parties may stipulate to the contents of the record. In such a case the record shall consist of the stipulated statement and the order appealed which the lower tribunal shall certify as the record on appeal.
(5) Costs.
(A) Notice of Estimated Costs. Within 5 days after the contents of the record have been determined under these rules, the lower tribunal shall notify the appellant of the estimated cost of preparing the record. The lower tribunal also shall notify the division of the estimated record costs if the appellant files a verified petition to be relieved of costs and a sworn financial affidavit in substantially the same form as form 4.9125 of the Rules of Workers' Compensation Procedure.
(B) Deposit of Estimated Costs. Within 15 days after the notice of estimated costs is served, the appellant shall deposit a sum of money equal to the estimated costs with the lower tribunal.
(C) Failure to Deposit Costs. If the appellant fails to deposit the estimated costs within the time prescribed, the lower tribunal shall notify the court, which may dismiss the appeal.
(D) State Agencies: Waiver of Costs. Any self-insured state agency or branch of state government, including the Division of Workers' Compensation and the Special Disability Trust Fund, need not deposit the estimated costs.
(E) Costs. If additional costs are incurred in correcting, amending, or supplementing the record, the lower tribunal shall assess such costs against the appropriate party. If the division is obligated to pay the costs of the appeal due to appellant's *879 indigency, it must be given notice of any proceeding to assess additional costs. Within 15 days after the entry of the order assessing costs, the assessed party must deposit the sums so ordered with the lower tribunal. The lower tribunal shall promptly notify the court if costs are not deposited as required.
(6) Preparation of Record.
(A) Selection of Reporter by Lower Tribunal. The lower tribunal shall supervise the preparation of the record. The lower tribunal or chief judge of compensation claims shall select the reporter or transcriber to prepare the record. The judge who makes the selection shall give the parties notice of the selection.
(B) Objection to Reporter or Transcriber Selected. Any party may object to the reporter or transcriber selected by filing written objections with the judge who made the selection within 10 days after receiving notice of the selection. Within 5 days after filing the objection, the judge shall hold a hearing on the issue. In such a case, the time limits mandated by these rules shall be appropriately extended.
(C) Certification of Record by Court Reporter or Transcriber. The reporter or transcriber designated by the lower tribunal or chief judge of compensation claims shall transcribe, certify, and deliver all necessary copies of the record to the lower tribunal as required under these rules. The record shall be delivered in sufficient time for the lower tribunal to review the record and send it to the court. The reporter or transcriber shall promptly notify all parties in writing when the record is delivered to the lower tribunal.
(D) Certification and Transmittal by Lower Tribunal. The lower tribunal shall review the original record, certify that it was prepared in accordance with these rules, and within 60 days of the notice of appeal being filed transmit the record to the court.
(E) Copies. The lower tribunal shall provide a copy of the record to all counsel of record and all unrepresented parties.
(7) Extensions. For good cause, the lower tribunal may extend by no more than 30 days the time for filing the record with the court. Any further extension of time may be granted by the court.
(8) Applicability of Rule 9.200. Rules 9.200(a)(3), (c), and (f) shall apply to preparation of the record in appeals under this rule.
(g) Relief From Filing Fee and Costs: Indigency.
(1) Indigency Defined. Indigency for the purpose of this rule is synonymous with insolvency as defined by section 440.02, Florida Statutes.
(2) Filing Fee.
(A) Authority. An appellant may be relieved of paying filing fees by filing a verified petition or motion of indigency under section 57.081(1), Florida Statutes, with the lower tribunal.
(B) Time. The verified petition or motion of indigency must be filed with the lower tribunal together with the notice of appeal.
(C) Verified Petition: Contents. The verified petition or motion shall contain a statement by the appellant to be relieved of paying filing fees due to indigency and appellant's inability to pay the charges. The petition shall request that the lower tribunal enter an order or certificate of indigency. One of the following shall also be filed in support of the verified petition or motion:
(i) If the appellant is unrepresented by counsel, a financial affidavit; or
(ii) If the appellant is represented by counsel, counsel shall certify that counsel has investigated (a) the appellant's financial condition and finds appellant indigent; and (b) the nature of appellant's position and believes it to be meritorious as a matter of law. Counsel shall also certify that counsel has not been paid or *880 promised payment of a fee or other remuneration for such legal services except for the amount, if any, ultimately approved by the lower tribunal to be paid by the employer/carrier if such entitlement is determined by the court.
(D) Service. Appellant shall serve a copy of the verified petition or motion of indigency, including appellant's financial affidavit or counsel's certificate, whichever is applicable, on all interested parties, including the Division, general counsel of the Department of Labor and Employment Security, and the clerk of the court.
(E) Order or Certificate of Indigency. The lower tribunal shall review the verified petition or motion for indigency and supporting documents without a hearing, and if the lower tribunal finds compliance with section 57.081(1), Florida Statutes, may issue a certificate of indigency or enter an order granting said relief, at which time appellant may proceed without further application to the court and without payment of any filing fees. If the lower tribunal enters an order denying relief, appellant shall deposit the filing fee with the lower tribunal within 15 days from the date of the order unless timely review is sought by motion filed with the court.

(3) Costs of Preparation of Record.

(A) Authority. An appellant may be relieved in whole or in part from the costs of the preparation of the record on appeal by filing with the lower tribunal a verified petition to be relieved of costs and a copy of the designation of the record on appeal. The verified petition to be relieved of costs shall contain a sworn financial affidavit as described in subdivision (D) in a form substantially the same as form 4.9125 of the Rules of Workers' Compensation Procedure.
(B) Time. The verified petition to be relieved of costs must be filed within 15 days after service of the notice of estimated costs. A verified petition filed prior to the date of service of the notice of estimated costs shall be deemed not timely.
(C) Verified Petition: Contents. The verified petition shall contain a request by appellant to be relieved of costs due to insolvency. The petition also shall include a statement by the appellant's attorney or the appellant, if not represented by an attorney, that the appeal was filed in good faith and the court reasonably could find reversible error in the record and shall state with particularity the specific legal and factual grounds for that opinion.
(D) Sworn Financial Affidavit: Contents. With the verified petition to be relieved of costs, the appellant shall file a sworn financial affidavit listing income and assets, including marital income and assets, and expenses and liabilities. The sworn financial affidavit shall be substantially the same as form 4.9125.
(E) Verified Petition and Sworn Financial Affidavit: Service. The appellant shall serve a copy of the verified petition to be relieved of costs, including the sworn financial affidavit, on all interested parties, including the division, the office of general counsel of the Department of Labor and Employment Security, and the clerk of the court.
(F) Hearing on Petition to Be Relieved of Costs. After giving 15 days' notice to the division and all parties, the lower tribunal shall promptly hold a hearing and rule on the merits of the petition to be relieved of costs. However, if no objection to the petition is filed by the division or a party within 20 days after the petition is served, the lower tribunal may enter an order on the merits of the petition without a hearing.
(G) Extension of Appeal Deadlines: Petition Granted. If the petition to be relieved of the entire cost of the preparation of the record on appeal is granted, the 60-day period allowed under these rules for the preparation of the record shall begin to run from the date of the order granting the petition.
*881 (H) Extension of Appeal Deadlines: Petition Denied. If the petition to be relieved of the cost of the record is denied or only granted in part, the petitioner shall deposit the estimated costs with the lower tribunal within 15 days from the date the order denying the petition is entered. The 60-day period allowed under these rules for the preparation of the record shall begin from the date the estimated cost is deposited with the lower tribunal.
(I) Payment of Cost for Preparation of Record by Administration Trust Fund. If the petition to be relieved of costs is granted, the lower tribunal may order the Workers' Compensation Administration Trust Fund to pay the cost of the preparation of the record on appeal pending the final disposition of the appeal.
(J) Reimbursement of Administration Trust Fund If Appeal Is Successful. If the Administration Trust Fund has paid the costs of the preparation of the record and the appellant prevails at the conclusion of the appeal, the appellee shall reimburse the fund the costs paid within 30 days of the mandate issued by the court or supreme court under these rules.
(h) Briefs and Motions Directed to Briefs.
(1) Briefs: Final Order Appeals. Within 30 days after the lower tribunal certifies the record to the court, the appellant shall file an original and 3 copies of the initial brief with the court. A copy shall be served on the appellee. Additional briefs shall be served as prescribed by rule 9.210.
(2) Briefs: Non-final Appeals. Appellant's initial brief, accompanied by an appendix as prescribed by rule 9.220, shall be served within 15 days of filing the notice. Additional briefs shall be served as prescribed by rule 9.210.
(3) Motions to Strike. Motions to strike a brief or portions of a brief will not be entertained by the court. However, a party, in its own brief, may call to the court's attention a breach of these rules. If no further responsive brief is authorized, noncompliance may be brought to the court's attention by filing a suggestion of noncompliance. Statements in briefs not supported by the record shall be disregarded and may constitute cause for imposition of sanctions.
(i) Attorneys' Fees and Appellate Costs.
(1) Costs. Appellate costs shall be taxed as provided by law. Taxable costs shall include those items listed in rule 9.400 and costs for a transcript included in an appendix as part of an appeal of a nonfinal order.
(2) Attorneys' Fees. A motion for attorneys' fees shall be served in accordance with rule 9.400(b).
(3) Entitlement and Amount of Fees and Costs. If the court determines that an appellate fee is due, the lower tribunal shall have jurisdiction to conduct hearings and consider evidence regarding the amount of the attorney fee and costs due at any time after the mandate is issued.
(4) Review. Review shall be in accordance with rule 9.400(c).

Committee Notes
1996 Adoption. Rule 9.180 is intended to supersede rules 4.160, 4.161, 4.165, 4.166, 4.170, 4.180, 4.190, 4.220, 4.225, 4.230,4.240, 4.250, 4.260, 4.265, 4.270, and 4.280 of the Rules of Workers' Compensation Procedure. In consolidating those rules into one rule and incorporating them into the Rules of Appellate Procedure, duplicative rules have been eliminated. The change was not intended to change the general nature of workers' compensation appeals. It is contemplated there still may be multiple "final orders." See 1980 Committee Note, Fla. R. Work. Comp. P. 4.160.
The orders listed in rules 9.180(b)(1)(A), (B), and (C) are the only nonfinal orders appealable before entry of a final order in workers' compensation cases.
*882 Rule 9.180(b)(2) now limits the place for filing the notice of appeal to the lower tribunal that entered the order and not any judge of compensation claims as the former rule provided.
Rule 9.180(f)(6)(E) provides that the lower tribunal shall provide a copy of the record to all counsel of record and all unrepresented parties. It is contemplated that the lower tribunal can accomplish that in whatever manner the lower tribunal deems most convenient for itself, such as, having copies available that counsel or the parties may pick up.

RULE 9.190. JUDICIAL REVIEW OF ADMINISTRATIVE ACTION
(a) Applicability. Judicial review of administrative action shall be governed by the general rules of appellate procedure except as specifically modified herein.
(b) Commencement.
(1) An appeal from final agency action as defined in the Administrative Procedure Act, chapter 120, Florida Statutes, or other administrative action for which judicial review is provided by general law shall be commenced in accordance with rule 9.110(c).
(2) Review of non-final agency action, including non-final action by an administrative law judge, under the Administrative Procedure Act shall be commenced by filing a petition for review in accordance with rules 9.100(b) and (c).
(3) Review of quasi-judicial decisions of any administrative body, agency, board, or commission not subject to the Administrative Procedure Act shall be commenced by filing a petition for certiorari in accordance with rules 9.100(b) and (c), unless judicial review by appeal is provided by general law.
(c) The Record.
(1) Generally. As further described in this rule, the record shall include only materials furnished to and reviewed by the lower tribunal in advance of the administrative action to be reviewed by the court.
(2) Review of Final Action Pursuant to the Administrative Procedure Act.
(A) In an appeal from any proceeding conducted pursuant to section 120.56 (rule challenges) or sections 120.569 (decisions which affect substantial interests) and 120.57(1), Florida Statutes, (decisions which affect substantial interests involving disputed material facts), the record shall consist of all notices, pleadings, motions, and intermediate rulings; evidence admitted; those matters officially recognized; proffers of proof and objections and rulings thereon; proposed findings and exceptions; any decision, opinion, order, or report by the presiding officer; all staff memoranda or data submitted to the presiding officer during the hearing or prior to its disposition, after notice of submission to all parties, except communications by advisory staff as permitted under section 120.66(1), Florida Statutes, if such communications are public records; all matters placed on the record after an ex parte communication; and the official transcript.
(B) In an appeal from any proceeding pursuant to sections 120.569 (decisions which affect substantial interests) and 120.57(2), Florida Statutes, (decisions which affect substantial interests involving no disputed issue of material fact), the record shall consist of the notice and summary of grounds; evidence received; all written statements submitted; any decisions overruling objections; all matters placed on the record after an ex parte communication; the official transcript; and any decision, opinion, order, or report by the presiding officer.
(C) In an appeal from any proceeding pursuant to section 120.565, Florida Statutes, (declaratory statements), the record shall consist of the petition seeking a declaratory statement and any pleadings filed with the agency; all notices relating to the petition published in the Florida Administrative Weekly; the declaratory statement issued by the agency or the *883 agency's denial of the petition; and all matters listed in subdivision (c)(2)(A) or (c)(2)(B) of this rule, whichever is appropriate, if a hearing is held on the declaratory statement petition.
(D) In an appeal from any proceeding pursuant to section 120.574, Florida Statutes, (summary proceeding), the record shall consist of all notices, pleadings, motions, and intermediate rulings; evidence received; a statement of matters officially recognized; proffers of proof and objections and rulings thereon; matters placed on the record after an ex parte communication; the written decision of the administrative law judge presiding at the final hearing; and the official transcript of the final hearing.
(E) In an appeal from a rule adoption pursuant to sections 120.54 (rule adoption) and 120.68(9), Florida Statutes, in which the sole issue presented by the petition is the constitutionality of a rule and there are no disputed issues of fact, the record shall consist only of those documents from the rulemaking record compiled by the agency that materially address the constitutional issue. The agency's rulemaking record consists of all notices given for the proposed rule; any statement of estimated regulatory costs for the rule; a written summary of hearings on the proposed rule; the written comments and responses to written comments as required by sections 120.54 (rule adoption) and 120.541, Florida Statutes, (statement of estimated regulatory costs); all notices and findings made pursuant to section 120.54(4), Florida Statues, (adoption of emergency rules); all materials filed by the agency with the Administrative Procedures Committee pursuant to section 120.54(3), Florida Statutes, (rule adoption procedure); all materials filed with the Department of State pursuant to section 120.54(3), Florida Statutes, (rule adoption procedure); and all written inquiries from standing committees of the legislature concerning the rule.
(3) Review of Non-Final Action Pursuant to the Administrative Procedure Act. The provisions of rules 9.100 and 9.220 govern the record in proceedings seeking review of non-final administrative action.
(4) Review of Administrative Action Not Subject to the Administrative Procedure Act. In proceedings seeking review of administrative action not governed by the Administrative Procedure Act, the clerk of the lower tribunal shall not be required to prepare a record or record index. The petitioner or appellant shall submit an appendix in accordance with rule 9.220. Supplemental appendices may be submitted by any party. Appendices may not contain any matter not made part of the record in the lower tribunal.
(5) Videotaped Testimony. In any circumstance in which hearing testimony is preserved through the use of videotape rather than through an official transcript, the testimony from the videotape shall be transcribed and the transcript shall be made a part of the record before the record is transmitted to the court.
(6) Modified Record. The contents of the record may be modified as provided in rule 9.200(a)(23).
(d) Attorneys' Fees.
(1) Attorneys' Fees. A motion for attorneys' fees may be served not later than the time for service of the reply brief and shall state the grounds on which the recovery is sought, citing all pertinent statutes. The assessment of attorneys' fees may be remanded to the lower tribunal or the administrative law judge or referred to a special master.
(2) Review. Review of orders rendered under this rule shall be by motion filed in the court within 30 days of the order's rendition. Review of objections to reports of special masters shall be on motion filed in the court within 30 days of the report's filing.
*884 (e) Stays Pending Review.
(1) Effect of Initiating Review. The filing of a notice of administrative appeal or a petition seeking review of administrative action shall not operate as a stay, except that such filing shall give rise to an automatic stay as provided in rule 9.310(b)(2) or where timely review is sought of an award by an administrative law judge on a claim for birth-related neurological injuries.
(2) Application for Stay Under the Administrative Procedure Act.
(A) A party seeking to stay administrative action may file a motion either with the lower tribunal or, for good cause shown, with the court in which the notice or petition has been filed. The filing of the motion shall not operate as a stay. The lower tribunal or court may grant a stay upon appropriate terms. Review of orders entered by lower tribunals shall be by the court on motion.
(B) When an agency has ordered emergency suspension, restriction, or limitation of a license under section 120.60(6), Florida Statutes, a licensee may file with the reviewing court a motion for stay on an expedited basis. The court may issue an order to show cause and, after considering the agency's response, if timely filed, grant a stay on appropriate terms.
(C) When an agency has suspended or revoked a license other than on an emergency basis, a licensee may file with the reviewing court a motion for stay on an expedited basis. Unless the agency files with the court within 10 days thereafter or within a shorter time period set by the court a response demonstrating that a stay would constitute a probable danger to the health, safety, or welfare of the state, the court shall issue a stay.
(D) When an order suspending or revoking a license has been stayed pursuant to subdivision (2)(C), an agency may apply to the court for dissolution or modification of the stay on grounds that subsequently acquired information demonstrates that failure to dissolve or modify the stay would constitute a probable danger to the public health, safety, or welfare of the state.
(3) Application for Stay or Supersedeas of Other Administrative Action. A party seeking to stay administrative action, not governed by the Administrative Procedure Act, shall file a motion in the lower tribunal, which shall have continuing jurisdiction, in its discretion, to grant, modify, or deny such jurisdiction or to grant, modify, or deny such relief. A stay pending review may be conditioned on the posting of a good and sufficient bond, other conditions, or both. Review of orders entered by lower tribunals shall be by the court on motion.
(4) Duration. A stay entered by a lower tribunal or a court shall remain in effect during the pendency of all review proceedings in Florida courts until a mandate issues, unless otherwise modified or vacated.

Committee Notes
1996 Amendment. Appeals which fall within the exception included in subdivision (b)(3) are commenced in accordance with subdivision (b)(1). Therefore, administrative action by appeal in a circuit court, if prescribed by general law, is commenced pursuant to subdivision (b)(1). Unless review of administrative action in circuit court is prescribed by general law to be by appeal, review in circuit court is by petition for an extraordinary writ commenced pursuant to subdivision (b)(3). See Board of County Commissioners v. Snyder, 627 So.2d 469 (Fla.1993); Grace v. Town of Palm Beach, 656 So.2d 945 (Fla. 4th DCA 1995). Subdivision (b)(3) supersedes all local government charters, ordinances, rules and regulations which purport to provide a method of review in conflict herewith.
Subdivision (c) was adopted to identify more clearly what constitutes the record in appeals from administrative proceedings. *885 Several sections of the Florida Administrative Procedure Act, as revised in 1996, specifically state what shall constitute the record in certain types of proceedings, and this rule incorporates that statutory language. The rule makes clear that the record shall include only materials that were furnished to and reviewed by the lower tribunal in advance of the administrative action to be reviewed. The intent of this statement is to avoid the inclusion of extraneous materials in the record that were never reviewed by the lower tribunal.
Subdivision (c)(2)(A) is based on provisions of section 120.57(1)(f), Florida Statutes. This subdivision of the rule governs the record from proceedings conducted pursuant to section 120.56 and sections 120.569 and 120.57(1), Florida Statutes. This is because section 120.56(1)(e), Florida Statutes, states that hearings under section 120.56, Florida Statutes, shall be conducted in the same manner as provided by sections 120.569 and 120.57, Florida Statutes.
Subdivision (c)(2)(B) lists the provisions of section 120.57(2)(b), Florida Statutes. Subdivision (c)(2)(B)(vii), which refers to "any decision, opinion, order, or report by the presiding officer," was added by the committee to the list of statutory requirements.
Subdivision (c)(2)(C) addresses the record on appeal from declaratory statement requests pursuant to section 120.565, while subdivision (c)(2)(D) lists the provisions of section 120.574(2)(d), Florida Statutes. Subdivision (c)(2)(E) of the rule addresses proceedings governed by sections 120.54 and 120.68(9), Florida Statutes. The definition of the rulemaking record tracks language in section 120.54(8), Florida Statutes.
Subdivision (c)(3) makes clear that rules 9.100 and 9.220 govern the record in proceedings seeking review of non-final administrative action, while subdivision (c)(4) governs the record in administrative proceedings not subject to the Administrative Procedure Act.
Subdivision (c)(5) states that if videotape is used to preserve hearing testimony, the videotape shall be transcribed before the record is transmitted to the court.
Subdivision (d) was adopted to conform to the 1996 revisions to the Administrative Procedure Act. Recoupment of costs is still governed by rule 9.400.
2000 Amendment. Subdivision (e) was added to address stays pending judicial review of administrative action. Ordinarily, application for a stay must first be made to the lower tribunal, but some agencies have collegial heads who meet only occasionally. If a party can show good cause for applying initially to the court for a stay, it may do so. When an appeal has been taken from a license suspension or revocation under the Administrative Procedure Act, good cause for not applying first to the lower tribunal is presumed.
Subdivision (e)(2)(B) deals with stays of orders which suspend licenses on an emergency basis. Before entering an emergency suspension order, the agency must make a finding that immediate suspension is necessary to protect the public health, safety, or welfare. § 120.60(6), Fla. Stat. (1999). In effect, the agency makes a finding that would be sufficient to defeat issuance of the "stay as a matter of right" contemplated by section 120.68(3), Florida Statutes. The agency's finding is subject to judicial review, however, on application for a stay under subdivision (e)(2)(B).
Absent an emergency suspension order, the court grants a stay as of right in Administrative Procedure Act license suspension and revocation cases unless the licensing agency makes a timely showing that a stay "would constitute a probable danger to the health, safety, or welfare of the state." § 120.68(3), Fla. Stat. (1999). The court can shorten the 10 day period specified in subdivision (e)(2)(c). If the court stays a nonemergency suspension or revocation, the licensing agency can move *886 to modify or dissolve the stay on the basis of material information that comes to light after the stay is issued.
Nothing in subdivision (e) precludes licensing agencies from making suspension or revocation orders effective 30 days after entry, granting stays pending judicial review, or taking other steps to implement section 120.68(3), Florida Statutes.

RULE 9.200. THE RECORD
(a) Contents.
(1) Except as otherwise designated by the parties, the record shall consist of the original documents, exhibits, and transcript(s) of proceedings, if any, filed in the lower tribunal, except summonses, praecipes, subpoenas, returns, notices, of hearing or of taking deposition, depositions, other discovery, and physical evidence. The record shall also include a progress docket.
(2) In family law cases the record shall include those items designated in subdivision (a)(1) except that the clerk of the lower tribunal shall retain the original orders, reports and recommendations of masters or hearing officers, and judgments within the file of the lower tribunal and shall include copies thereof within the record.
(3) Within 10 days of filing the notice of appeal, an appellant may direct the clerk to include or exclude other documents or exhibits filed in the lower tribunal. The directions shall be substantially in the form prescribed by rule 9.900(f). If the clerk is directed to transmit less than the entire record or a transcript of trial with less than all of the testimony, the appellant shall serve with such direction a statement of the judicial acts to be reviewed. Within 20 days of filing the notice, an appellee may direct the clerk to include additional documents and exhibits.
(4) The parties may prepare a stipulated statement showing how the issues to be presented arose and were decided in the lower tribunal, attaching a copy of the order to be reviewed and as much of the record in the lower tribunal as is necessary to a determination of the issues to be presented. The parties shall advise the clerk of their intention to rely on a stipulated statement in lieu of the record as early in advance of filing as possible. The stipulated statement shall be filed by the parties and transmitted to the court by the clerk of the lower tribunal within the time prescribed for transmittal of the record.
(b) Transcript(s) of Proceedings.
(1) Within 10 days of filing the notice, the appellant shall designate those portions of the proceedings not on file deemed necessary for transcription and inclusion in the record. Within 20 days of filing the notice, an appellee may designate additional portions of the proceedings. Copies of designations shall be served on the court reporter. Costs of the original and all copies of the transcript(s) so designated shall be borne initially by the designating party, subject to appropriate taxation of costs as prescribed by rule 9.400. At the time of the designation, unless other satisfactory arrangements have been made, the designating party must make a deposit of½ of the estimated transcript costs, and must pay the full balance of the fee on delivery of the completed transcript(s).
(2) Within 30 days of service of a designation, or within the additional time provided for under subdivision (b)(3) of this rule, the court reporter shall transcribe and deliver to the clerk of the lower tribunal the designated proceedings and shall furnish copies as requested in the designation. If a designating party directs the court reporter to furnish the transcript(s) to fewer than all parties, that designating party shall serve a copy of the designated transcript(s) on the parties within 5 days of receipt from the court reporter. The transcript of the trial shall be securely bound in consecutively numbered volumes not to exceed 200 pages each, and each page shall be numbered consecutively. Each volume shall be prefaced *887 by an index containing the names of the witnesses, a list of all exhibits offered and introduced in evidence, and the pages where each may be found.
(3) On service of a designation, the reporter shall acknowledge at the foot of the designation the fact that it has been received and the date on which the reporter expects to have the transcript(s) completed and shall transmit the designation, so endorsed, to the parties and to the clerk of the appellate court within 5 days of service. If the transcript(s) cannot be completed within 30 days of service of the designation, the reporter shall request such additional time as is reasonably necessary and shall state the reasons therefor. If the reporter requests an extension of time, the court shall allow the parties 5 days in which to object or agree. The appellate court shall approve the request or take other appropriate action and shall notify the reporter and the parties of the due date of the transcript(s).
(4) If no report of the proceedings was made, or if the transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement shall be served on the appellee, who may serve objections or proposed amendments to it within 10 days of service. Thereafter, the statement and any objections or proposed amendments shall be submitted to the lower tribunal for settlement and approval. As settled and approved, the statement shall be included by the clerk of the lower tribunal in the record.
(c) Cross-Appeals. Within 20 days of filing the notice, a cross-appellant may direct that additional documents, exhibits, or transcript(s) be included in the record. If less than the entire record is designated, the cross-appellant shall serve, with the directions, a statement of the judicial acts to be reviewed. The cross-appellee shall have 10 days after such service to direct further additions. The time for preparation and transmittal of the record shall be extended by 10 days.
(d) Duties of Clerk; Preparation and Transmittal of Record.
(1) The clerk of the lower tribunal shall prepare the record as follows:
(A) The clerk of the lower tribunal shall not be required to verify and shall not charge for the incorporation of any transcript(s) into the record. The transcript of the trial shall be incorporated at the end of the record, and shall not be renumbered by the clerk. The progress docket shall be incorporated into the record immediately after the index.
(B) The remainder of the record, including all supplements and any transcripts other than the transcript of the trial, shall be consecutively numbered. The record shall be securely bound in consecutively numbered volumes not to exceed 200 pages each. The cover sheet of each volume shall contain the name of the lower tribunal and the style and number of the case.
(2) The clerk of the lower tribunal shall prepare a complete index to the record and shall attach a copy of the progress docket to the index.
(3) The clerk of the lower tribunal shall certify and transmit the record to the court as prescribed by these rules; provided that if the parties stipulate or the lower tribunal orders that the original record be retained, the clerk shall prepare and transmit a certified copy.
(e) Duties of Appellant or Petitioner. The burden to ensure that the record is prepared and transmitted in accordance with these rules shall be on the petitioner or appellant. Any party may enforce the provisions of this rule by motion.
(f) Correcting and Supplementing Record.
(1) If there is an error or omission in the record, the parties by stipulation, the lower tribunal before the record is transmitted, *888 or the court may correct the record.
(2) If the court finds the record is incomplete, it shall direct a party to supply the omitted parts of the record. No proceeding shall be determined, because of an incomplete record, until an opportunity to supplement the record has been given.
(g) Return of Record. In civil cases, the record shall be returned to the lower tribunal after final disposition by the court.

Committee Notes
1977 Amendment. This rule replaces former rule 3.6 and represents a complete revision of the matters pertaining to the record for an appellate proceeding. References in this rule to "appellant" and "appellee" should be treated as equivalent to "petitioner" and "respondent," respectively. See Commentary, Fla. R.App. P. 9.020. This rule is based in part on Federal Rule of Appellate Procedure 10(b).
Subdivision (a)(1) establishes the content of the record unless an appellant within 10 days of filing the notice directs the clerk to exclude portions of the record or to include additional portions, or the appellee within 20 days of the notice being filed directs inclusion of additional portions. In lieu of a record, the parties may prepare a stipulated statement, attaching a copy of the order that is sought to be reviewed and essential portions of the record. If a stipulated statement is prepared, the parties must advise the clerk not to prepare the record. The stipulated statement is to be filed and transmitted within the time prescribed for transmittal of the record. If less than a full record is to be used, the initiating party must serve a statement of the judicial acts to be reviewed so that the opposing party may determine whether additional portions of the record are required. Such a statement is not intended to be the equivalent of assignments of error under former rule 3.5. Any inadequacy in the statement may be cured by motion to supplement the record under subdivision (f) of this rule.
Subdivision (a) interacts with subdivision (b) so that as soon as the notice is filed the clerk of the lower tribunal will prepare and transmit the complete record of the case as described by the rule. To include in the record any of the items automatically omitted, a party must designate the items desired. A transcript of the proceedings in the lower tribunal will not be prepared or transmitted unless already filed, or the parties designate the portions of the transcript desired to be transmitted. Subdivision (b)(2) imposes on the reporter an affirmative duty to prepare the transcript of the proceedings as soon as designated. It is intended that to complete the preparation of all official papers to be filed with the court, the appellant need only file the notice, designate omitted portions of the record that are desired, and designate the desired portions of the transcript. It therefore will be unnecessary to file directions with the clerk of the lower tribunal in most cases.
Subdivision (b)(1) replaces former rule 3.6(d)(2), and specifically requires service of the designation on the court reporter. This is intended to avoid delays that sometimes occur when a party files the designation, but fails to notify the court reporter that a transcript is needed. The rule also establishes the responsibility of the designating party to initially bear the cost of the transcript.
Subdivision (b)(2) replaces former rule 3.6(e). This rule provides for the form of the transcript, and imposes on the reporter the affirmative duty of delivering copies of the transcript to the ordering parties on request. Such a request may be included in the designation. Under subdivision (e), however, the responsibility for ensuring performance remains with the parties. The requirement that pages be consecutively numbered is new and is deemed necessary to assure continuity and ease of reference for the convenience of the court. This requirement applies even if 2 or more *889 parties designate portions of the proceedings for transcription. It is intended that the transcript portions transmitted to the court constitute a single consecutively numbered document in 1 or more volumes not exceeding 200 pages each. If there is more than 1 court reporter, the clerk will renumber the pages of the transcript copies so that they are sequential. The requirement of a complete index at the beginning of each volume is new, and is necessary to standardize the format and to guide those preparing transcripts.
Subdivision (b)(3) provides the procedures to be followed if no transcript is available.
Subdivision (c) provides the procedures to be followed if there is a cross-appeal or cross-petition.
Subdivision (d) sets forth the manner in which the clerk of the lower tribunal is to prepare the record. The original record is to be transmitted unless the parties stipulate or the lower court orders the original be retained, except that under rule 9.140(d) (governing criminal cases), the original is to be retained unless the court orders otherwise.
Subdivision (e) places the burden of enforcement of this rule on the appellant or petitioner, but any party may move for an order requiring adherence to the rule.
Subdivision (f) replaces former rule 3.6(l). The new rule is intended to ensure that appellate proceedings will be decided on their merits and that no showing of good cause, negligence, or accident is required before the lower tribunal or the court orders the completion of the record. This rule is intended to ensure that any portion of the record in the lower tribunal that is material to a decision by the court will be available to the court. It is specifically intended to avoid those situations that have occurred in the past when an order has been affirmed because appellate counsel failed to bring up the portions of the record necessary to determine whether there was an error. See Pan American Metal Prods. Co. v. Healy, 138 So.2d 96 (Fla. 3d DCA 1962). The rule is not intended to cure inadequacies in the record that result from the failure of a party to make a proper record during the proceedings in the lower tribunal. The purpose of the rule is to give the parties an opportunity to have the appellate proceedings decided on the record developed in the lower tribunal. This rule does not impose on the lower tribunal or the court a duty to review on their own the adequacy of the preparation of the record. A failure to supplement the record after notice by the court may be held against the party at fault.
Subdivision (g) requires that the record in civil cases be returned to the lower tribunal after final disposition by the court regardless of whether the original record or a copy was used. The court may retain or return the record in criminal cases according to its internal administration policies.
1980 Amendment. Subdivisions (b)(1) and (b)(2) were amended to specify that the party designating portions of the transcript for inclusion in the record on appeal shall pay for the cost of transcription and shall pay for and furnish a copy of the portions designated for all opposing parties. See rule 9.420(b) and 1980 committee note thereto relating to limitations of number of copies.
1987 Amendment. Subdivision (b)(3) above is patterned after Federal Rule of Appellate Procedure 11(b).
1992 Amendment. Subdivisions (b)(2), (d)(1)(A), and (d)(1)(B) were amended to standardize the lower court clerk's procedure with respect to the placement and pagination of the transcript in the record on appeal. This amendment places the duty of paginating the transcript on the court reporter and requires the clerk to include the transcript at the end of the record, without repagination.
*890 1996 Amendment. Subdivision (a)(2) was added because family law cases frequently have continuing activity at the lower tribunal level during the pendency of appellate proceedings and that continued activity may be hampered by the absence of orders being enforced during the pendency of the appeal.
Subdivision (b)(2) was amended to change the wording in the third sentence from "transcript of proceedings" to "transcript of the trial" to be consistent with and to clarify the requirement in subdivision (d)(1)(B) that it is only the transcript of trial that is not to be renumbered by the clerk. Pursuant to subdivision (d)(1)(B), it remains the duty of the clerk to consecutively number transcripts other than the transcript of the trial. Subdivision (b)(2) retains the requirement that the court reporter is to number each page of the transcript of the trial consecutively, but it is the committee's view that if the consecutive pagination requirement is impracticable or becomes a hardship for the court reporting entity, relief may be sought from the court.

RULE 9.210. BRIEFS
(a) Generally. In addition to briefs on jurisdiction under rule 9.120(d), the only briefs permitted to be filed by the parties in any 1one proceeding are the initial brief, the answer brief, a reply brief, and a cross-reply brief. All briefs required by these rules shall be prepared as follows:
(1) Briefs shall be printed, typewritten, or duplicated on opaque, white, unglossed 8½-by-11 inch paper If printed, the brief shall be 6 by 9 inches; if type written, the brief shall be 8½ by 11 inches.
(2) The lettering in briefs shall be black and in distinct type, double-spaced, and with margins no less than 1 inch. Lettering in script or type made in imitation of handwriting shall not be permitted. Text shall be printed in type of no more than 10 characters per inch. Text should be double spaced so that there are no more than 27 lines per page. Footnotes and quotations may be single spaced and shall be in the same size type, with the same spacing between characters, as the text. Computer-generated briefs shall be submitted in either Times New Roman 14-point font or Courier New 12-point font. All computer-generated briefs shall contain a certificate of compliance signed by counsel, or the party if unrepresented, certifying that the brief complies with the font requirements of this rule. The certificate of compliance shall be contained in the brief immediately following the certificate of service.
(3) Briefs shouldshall be securely bound in book form and fastened along the left side in a manner that will allow them to lie flat when opened. Alternatively, briefs may be or be securely stapled in the upper left corner. No other method of securing the brief is acceptable. Headings shall be in capital letters and, if printed, and subheadings shall be at least as large as the brief text and may be in bold type not less than 11 pointssingle spaced.
(4) The cover sheet of each brief shall state the name of the court, the style of the cause, including the case number if assigned, the lower tribunal, the party on whose behalf the brief is filed, the type of brief, and the name and address of the attorney filing the brief.
(5) The initial and answer briefs shall not exceed 50 pages in length. Reply briefs shall not exceed 15 pages in length; provided that if a cross-appeal has been filed, the reply brief shall not exceed 50 pages, not more than 15 of which shall be devoted to argument replying to the answer portion of the appellee/cross-appellant's brief. Cross-reply briefs shall not exceed 15 pages. Briefs on jurisdiction shall not exceed 10 pages. The table of contents and the citation of authorities shall be excluded from the computation. Longer briefs may be permitted by the court.
(b) Contents of Initial Brief. The initial brief shall contain the following, in order:
*891 (1) A table of contents listing the issues presented for review, with references to pages.
(2) A table of citations with cases listed alphabetically, statutes and other authorities, and the pages of the brief on which each citation appears. See rule 9.800 for a uniform citation system.
(3) A statement of the case and of the facts, which shall include the nature of the case, the course of the proceedings, and the disposition in the lower tribunal. References to the appropriate volume and pages of the record or transcript shall be made.
(4) A summary of argument, suitably paragraphed, condensing succinctly, accurately, and clearly the argument actually made in the body of the brief. It should not be a mere repetition of the headings under which the argument is arranged. It should seldom exceed 2 and never 5 pages.
(5) Argument with regard to each issue including the applicable appellate standard of review.
(6) A conclusion, of not more than 1 page, setting forth the precise relief sought.
(c) Contents of Answer Brief. The answer brief shall be prepared in the same manner as the initial brief; provided that the statement of the case and of the facts may be omitted. If a cross-appeal has been filed, the answer brief shall include the issues in the cross-appeal that are presented for review, and argument in support of those issues.
(d) Contents of Reply Brief. The reply brief shall contain argument in response and rebuttal to argument presented in the answer brief.
(e) Contents of Cross-Reply Brief. The cross-reply brief is limited to rebuttal of argument of the cross-appellee.
(f) Times for Service of Briefs. The times for serving jurisdiction and initial briefs are prescribed by rules 9.110, 9.120, 9.130, and 9.140. Unless otherwise required, the answer brief shall be served within 20 days after service of the initial brief; the reply brief, if any, shall be served within 20 days after service of the answer brief; and the cross-reply brief, if any, shall be served within 20 days thereafter.
(g) Filing with Courts. The filing requirements of the courts are as follows:
(1) Circuit Courts. Original and 1 copy.
(2) District Courts of Appeal. Original and 3 copies.
(3) Supreme Court. Original and 7 copies; except that 5 copies only shall accompany the original jurisdictional briefs prescribed in rule 9.120(d).
(h) Citations. Counsel are requested to use the uniform citation system prescribed by rule 9.800.

Committee Notes
1977 Amendment. This rule essentially retains the substance of former rule 3.7. Under subdivision (a) only 4 briefs on the merits are permitted to be filed in any 1 proceeding: an initial brief by the appellant or petitioner, an answer brief by the appellee or respondent, a reply brief by the appellant or petitioner, and a cross-reply brief by the appellee or respondent (if a cross-appeal or petition has been filed). A limit of 50 pages has been placed on the length of the initial and answer briefs, 15 pages for reply and cross-reply briefs (unless a cross-appeal or petition has been filed), and 20 pages for jurisdictional briefs, exclusive of the table of contents and citations of authorities. Although the court may by order permit briefs longer than allowed by this rule, the advisory committee contemplates that extensions in length will not be readily granted by the courts under these rules. General experience has been that even briefs within the limits of the rule are usually excessively long.
*892 Subdivisions (b), (c), (d), and (e) set forth the format for briefs and retain the substance of former rules 3.7(f), (g), and (h). Particular note must be taken of the requirement that the statement of the case and facts include reference to the record. The abolition of assignments of error requires that counsel be vigilant in specifying for the court the errors committed; that greater attention be given the formulation of questions presented; and that counsel comply with subdivision (b)(5) by setting forth the precise relief sought. The table of contents will contain the statement of issues presented. The pages of the brief on which argument on each issue begins must be given. It is optional to have a second, separate listing of the issues. Subdivision (c) affirmatively requires that no statement of the facts of the case be made by an appellee or respondent unless there is disagreement with the initial brief, and then only to the extent of disagreement. It is unacceptable in an answer brief to make a general statement that the facts in the initial brief are accepted, except as rejected in the argument section of the answer brief. Parties are encouraged to place every fact utilized in the argument section of the brief in the statement of facts.
Subdivision (f) sets forth the times for service of briefs after service of the initial brief. Times for service of the initial brief are governed by the relevant rule.
Subdivision (g) authorizes the filing of notices of supplemental authority at any time between the submission of briefs and rendition of a decision. Argument in such a notice is absolutely prohibited.
Subdivision (h) states the number of copies of each brief that must be filed with the clerk of the court involved1 copy for each judge or justice in addition to the original for the permanent court file. This rule is not intended to limit the power of the court to require additional briefs at any time.
The style and form for the citation of authorities should conform to the uniform citation system adopted by the Supreme Court of Florida, which is reproduced in rule 9.800.
The advisory committee urges counsel to minimize references in their briefs to the parties by such designations as "appellant," "appellee," "petitioner," and "respondent." It promotes clarity to use actual names or descriptive terms such as "the employee," "the taxpayer," "the agency," etc. See Fed. R.App. P. 28(d).
1980 Amendment. Jurisdictional briefs, now limited to 10 pages by subdivision (a), are to be filed only in the 4 situations presented in rules 9.030(a)(2)(A)(i), (ii), (iii), and (iv).
A district court decision without opinion is not reviewable on discretionary conflict jurisdiction. See Jenkins v. State, 385 So.2d 1356 (Fla.1980); Dodi Publishing Co. v. Editorial Am., S.A., 385 So.2d 1369 (Fla.1980). The discussion of jurisdictional brief requirements in such cases that is contained in the 1977 revision of the committee notes to rule 9.120 should be disregarded.
1984 Amendment. Subdivision (b)(4) is new; subdivision (b)(5) has been renumbered from former (b)(4); subdivision (b)(6) has been renumbered from former (b)(5). Subdivision (g) has been amended.
The summary of argument required by (b)(4) is designed to assist the court in studying briefs and preparing for argument; the rule is similar to rules of the various United States courts of appeals.
1992 Amendment. Subdivision (a)(2) was amended to bring into uniformity the type size and spacing on all briefs filed under these rules. Practice under the previous rule allowed briefs to be filed with footnotes and quotations in different, usually smaller, type sizes and spacing. Use of such smaller type allowed some overly long briefs to circumvent the reasonable length requirements established by subdivision (a)(5) of this rule. The small type *893 size and spacing of briefs allowed under the old rule also resulted in briefs that were difficult to read. The amended rule requires that all textual material wherever found in the brief will be printed in the same size type with the same spacing.
Subdivision (g) was amended to provide that notices of supplemental authority may call the court's attention, not only to decisions, rules, or statutes, but also to other authorities that have been discovered since the last brief was served. The amendment further provides that the notice may identify briefly the points on appeal to which the supplemental authorities are pertinent. This amendment continues to prohibit argument in such notices, but should allow the court and opposing counsel to identify more quickly those issues on appeal to which these notices are relevant.
1996 Amendment. Former subdivision (g) concerning notices of supplemental authority was transferred to new rule 9.225.

Court Commentary
1987. The commission expressed the view that the existing page limits for briefs, in cases other than those in the Supreme Court of Florida, are tailored to the "extraordinary" case rather than the "ordinary" case. In accordance with this view, the commission proposed that the page limits of briefs in appellate courts other than the supreme court be reduced. The appellate courts would, however, be given discretion to expand the reduced page limits in the "extraordinary" case.
2000. As to computer-generated briefs, strict font requirements were imposed in subdivision (a)(2) for at least three reasons:
First and foremost, appellate briefs are public records that the people have a right to inspect. The clear policy of the Florida Supreme Court is that advances in technology should benefit the people whenever possible by lowering financial and physical barriers to public record inspection. The Court's eventual goal is to make all public records widely and readily available, especially via the Internet. Unlike paper documents, electronic documents on the Internet will not display properly on all computers if they are set in fonts that are unusual. In some instances, such electronic documents may even be unreadable. Thus, the Court adopted the policy that all computer-generated appellate briefs be filed in one of two fonts-either Times New Roman 14-point or Courier New 12-point-that are commonplace on computers with Internet connections. This step will help ensure that the right to inspect public records on the Internet will be genuinely available to the largest number of people.
Second, Florida's court system as a whole is working toward the day when electronic filing of all court documents will be an everyday reality. Though the technology involved in electronic filing is changing rapidly, it is clear that the Internet is the single most significant factor influencing the development of this technology. Electronic filing must be compatible with Internet standards as they evolve over time. It is imperative for the legal profession to become accustomed to using electronic document formats that are most consistent with the Internet.
Third, the proliferation of vast new varieties of fonts in recent years poses a real threat that page-limitation rules can be circumvented through computerized typesetting. The only way to prevent this is to establish an enforceable rule on standards for font use. The subject font requirements are most consistent with this purpose and the other two purposes noted above.
Subdivision (a)(2) was also amended to require that immediately after the certificate of service in computer-generated briefs, counsel (or the party if unrepresented) shall sign a certificate of compliance with the font standards set forth in this rule for computer-generated briefs.

*894 RULE 9.330. REHEARING; CLARIFICATION; CERTIFICATION
(a) Time for Filing; Contents; Reply-Response. A motion for rehearing, clarification, or certification may be filed within 15 days of an order or within such other time set by the court. A motion for rehearing or clarification shall state with particularity the points of law or fact that in the opinion of the movant the court has overlooked or misapprehended in its decision, and shall not present issues not previously raised in the proceeding. A motion for clarification shall state with particularity the points of law or fact in the court's decision that in the opinion of the movant are in need of clarification. The motion shall not re argue the merits of the court's order. A replyresponse may be served within 10 days of service of the motion.
(b) Limitation. A party shall not file more than 1 motion for rehearing or for clarification of decision and 1 motion for certification with respect to a particular decision.
(c) Exception; Bond Validation Proceedings. A motion for rehearing or for clarification of a decision in proceedings for the validation of bonds or certificates of indebtedness as provided by rule 9.030(a)(1)(B)(ii) may be filed within 10 days of an order or within such other time set by the court. A reply may be served within 5 days of service of the motion. The mandate shall issue forthwith if a timely motion has not been filed. A timely motion shall receive immediate consideration by the court and, if denied, the mandate shall issue forthwith.
(d) Exception; Review under Rule 9.120. No motion for rehearing or for clarification may be filed in the supreme court addressed to the grant or denial of a request for the court to exercise its discretion to review a decision described in rule 9.120.

Committee Notes
1977 Amendment. This rule replaces former rule 3.14. Rehearing now must be sought by motion, not by petition. The motion must be filed within 15 days of rendition and a response may be served within 10 days of service of the motion. Only 1 motion will be accepted by the clerk. Re-argument of the issues involved in the case is prohibited.
Subdivision (c) provides expedited procedures for issuing a mandate in bond validation cases, in lieu of those prescribed by rule 9.340.
Subdivision (d) makes clear that motions for rehearing or for clarification are not permitted as to any decision of the supreme court granting or denying discretionary review under rule 9.120.
2000 Amendment. The amendment has a dual purpose. By omitting the sentence "The motion shall not re-argue the merits of the court's order," the amendment is intended to clarify the permissible scope of motions for rehearing and clarification. Nevertheless, the essential purpose of a motion for rehearing remains the same. It should be utilized to bring to the attention of the court points of law or fact that it has overlooked or misapprehended in its decision, not to express mere disagreement with its resolution of the issues on appeal. The amendment also codifies the decisional law's prohibition against issues in post-decision motions that have not previously been raised in the proceeding.

RULE 9.350. DISMISSAL OF CAUSES
(a) Dismissal of Causes wWhen Settled. When any cause pending in the court is settled before a decision on the merits, the parties shall immediately notify the court by filing a signed stipulation for dismissal.
(b) Voluntary Dismissal. A proceeding of an appellant or petitioner may be dismissed before a decision on the merits by filing a notice of dismissal with the clerk of the court without affecting the proceedings filed by joinder or cross-appeal; *895 provided that dismissal shall not be effective until 10 days after filing the notice of appeal or until 10 days after the time prescribed by rule 9.110(b), whichever is later.
(c) Clerk's Duty. When a proceeding is dismissed under this rule, the clerk of the court shall notify the clerk of the lower tribunal.

Committee Notes
1977 Amendment. Subdivision (a) retains the substance of former rule 3.13(a). On the filing of a stipulation of dismissal, the clerk of the court will dismiss the case as to the parties signing the stipulation.
Subdivision (b) is intended to allow an appellant to dismiss the appeal but a timely perfected cross-appeal would continue. A voluntary dismissal would not be effective until after the time for joinder in appeal or cross-appeal. This limitation was created so that an opposing party desiring to have adverse rulings reviewed by a cross-appeal cannot be trapped by a voluntary dismissal by the appellant after the appeal time has run, but before an appellee has filed the notice of joinder or cross-appeal.
Subdivision (c) retains the substance of former rule 3.13(c).

RULE 9.420. FILING; SERVICE OF COPIES; COMPUTATION OF TIME
(a) Filing.
(1) Generally. Filing may be accomplished by filing with the clerk; provided that a justice or judge may accept the documents for filing, and shall note the filing date and forthwith immediately transmit them to the office of the clerk.
(2) Inmate Filing. A document filed by a pro se inmate confined in an institution is timely filed if the inmate places the document in the hands of an institution official for mailing on or before the last day for filing. Such a document shall be presumed to be timely filed if it contains a certificate of service certifying that the inmate placed the document in the hands of an institution official for mailing on a particular date, and if the document would have been timely filed had it been received and file-stamped by the court on that date.
(b) Service. All original papers shall be filed either before service or immediately thereafter. A copy of all documents filed under these rules shall, before filing or immediately thereafter, be served on each of the parties. The lower tribunal, before the record is transmitted, or the court, on motion, may limit the number of copies to be served.
(c) Method and Proof of Service.
(1) How Made. If service is required or permitted to be made on a party represented by an attorney, service shall be made on the attorney unless service on the party is ordered by the court. Service on the attorney or party shall be made by delivering a copy to the attorney or party or by mailing it to the attorney or party at the last known address or, if no address is known, by leaving it with the clerk of the court. Delivery of a copy within this rule shall mean (A) handing it to the attorney or to the party, or (B) leaving it at the attorney's or party's office with the clerk or other person in charge thereof, or (C) if there is no one in charge, leaving it in a conspicuous place therein, or (D) if the office is closed or the person to be served has no office, leaving it at the attorney's or party's usual place of abode with some person of the attorney's or party's family above 15 years of age and informing such person of the contents. Service by mail shall be complete on mailing.
(2) Certificate of Service. If any attorney shall certify in substance:
I certify that a copy hereof has been furnished to .....(here insert name or names)..... by .....(delivery) (mail)..... this ...... day of ......, 19.... on ....(date).....
Attorney for .... (name of party).........
........(address and phone number) *896 ........
Florida Bar No. ..........
the certificate shall be taken as prima facie proof of such service in compliance with these rules. The certificate shall specify the party each attorney represents.
(d) Additional Time After Service by Mail. If a party, court reporter, or clerk is required or permitted to do an act within some prescribed time after service of a document, and the document is served by mail, 5 days shall be added to the prescribed period.
(e) Computation. In computing any period of time prescribed or allowed by these rules, by order of the court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included unless it is a Saturday, a Sunday, or a holiday described below, in which event, the period shall run until the end of the next day that is neither a Saturday, Sunday, nor holiday. If the period of time prescribed or allowed is less than 7 days, intermediate Saturdays, Sundays, and holidays shall be excluded in the computation. As used in this rule, holiday means
(1) New Year's Day;
(2) Martin Luther King, Jr.'s Birthday, the third Monday in January;
(3) Washington's Birthday, the third Monday in February;
(4) Good Friday;
(5) Memorial Day, the last Monday in May;
(6) Independence Day;
(7) Labor Day, the first Monday in September;
(8) Columbus Day, the second Monday in October;
(9) Veterans' Day;
(10) General Election Day;
(11) Thanksgiving Day, the fourth Thursday in November;
(12) Christmas Day;
(13) any statewide primary day;
(14) any Monday immediately following a Sunday on which one of the foregoing holidays falls; and
(15) any other day when the clerk's office is closed.

Committee Notes
1977 Amendment. Subdivision (a) replaces former rule 3.4(a). The last sentence of former rule 3.4(a) was eliminated as superfluous. The filing of papers with a judge or justice is permitted at the discretion of the judge or justice. The advisory committee recommends that the ability to file with a judge or justice be exercised only if necessary, and that care be taken not to discuss in any manner the merits of the document being filed. See Fla.Code Prof. Resp., DR 7-110(B) (now R. Regulating Fla. Bar 4-3.5(b)); Fla.Code Jud. Conduct, Canon 3(A)(4).
Subdivision (b) replaces and simplifies former rules 3.4(b)(5) and 3.6(i)(3). The substance of the last sentence of former rule 3.4(b)(5) is preserved. It should be noted that except for the notices or petitions that invoke jurisdiction, these rules generally provide for service by a certain time rather than filing. Under this provision filing must be done before service or immediately thereafter. Emphasis has been placed on service so as to eliminate the hardship on parties caused by tardy service under the former rules and to eliminate the burden placed on the courts by motions for extension of time resulting from such tardy service. It is anticipated that tardy filing will occur less frequently under these rules than tardy service under the former rules because the parties are unlikely to act in a manner that would irritate the court. The manner for service and proof thereof is provided in subdivision (c).
*897 Subdivision (d) replaces former rule 3.4(b)(3) and provides that if a party or clerk is required or permitted to do an act within a prescribed time after service, 5 days (instead of 3 days under the former rule) shall be added to the time if service is by mail.
Subdivision (e) replaces former rule 3.18 with no substantial change. "Holiday" is defined to include any day the clerk's office is closed whether or not done by order of the court. The holidays specifically listed have been included, even though many courts do not recognize them as holidays, to not place a burden on practitioners to check whether an individual court plans to observe a particular holiday.
1980 Amendment. Subdivision (b) was amended to provide that either the lower tribunal or the court may limit the number of copies to be served. The rule contemplates that the number of copies may be limited on any showing of good cause, for example, that the number of copies involved is onerous or that the appeal involves questions with which some parties have no interest in the outcome or are so remotely involved as not to justify furnishing a complete record to them at appellant's initial cost. The availability of the original record at the clerk's office of the lower tribunal until due at the appellate court is a factor to be considered.

Court Commentary
2000. Subdivision (a)(2) codifies the Florida Supreme Court's holding in Thompson v. State, 761 So.2d 324 (Fla. 2000).

RULE 9.800. UNIFORM CITATION SYSTEM
This rule applies to all legal documents, including court opinions. Except for citations to case reporters, all citation forms should be spelled out in full if used as an integral part of a sentence either in the text or in footnotes. Abbreviated forms as shown in this rule should be used if the citation is intended to stand alone either in the text or in footnotes.
(a) Florida Supreme Court.
(1) 1846-1886: Livingston v. L'Engle, 22 Fla. 427 (1886).
(2) 1887-1948: Hanna v. Martin, 160 Fla. 967, 37 So.2d 579 (1948). (This is the last case for parallel citation.)
(32) 1948 date: Fenelon v. State, 594 So.2d 292 (Fla.1992).
(43) For recent opinions not yet published in the Southern Reporter, cite to Florida Law Weekly: Traylor v. State, [596 So.2d 957,] 17 Fla. L. Weekly S42 (Fla.1992). If not therein, cite to the slip opinion: Traylor v. State, 596 So.2d 957 (Fla.1992).
(b) Florida District Courts of Appeal.
(1) Sotolongo v. State, 530 So.2d 514 (Fla. 2d DCA 1988); Buncayo v. Dribin, 533 So.2d 935 (Fla. 3d DCA 1988).
(2) For recent opinions not yet published in Southern Reporter, cite to Florida Law Weekly: Myers v. State, [579 So.2d 924,] 16 Fla. L. Weekly D1507 (Fla. 4th DCA June 5, 1991). If not therein, cite to the slip opinion: Myers v. State, No. 90-1092[, 579 So.2d 924] (Fla. 4th DCA June 5, 1991).
(c) Florida Circuit Courts and County Courts.
(1) Whidden v. Francis, 27 Fla. Supp. 80 (Fla. 11th Cir.Ct.1966).
(2) State v. Alvarez, 42 Fla. Supp. 83 (Fla. Dade Cty. Ct.1975).
(3) For opinions not published in Florida Supplement, cite to Florida Law Weekly: State v. Campeau, 16 Fla. L. Weekly C65 (Fla. 9th Cir.Ct. Nov. 7, 1990). If not therein, cite to the slip opinion: State v. Campeau, No. 90-4363 (Fla. 9th Cir.Ct. Nov. 7, 1990).
(d) Florida Administrative Agencies. (Cite if not in Southern Reporter.)
(1) For decisions of the Public Employees Relations Commission: Indian *898 River Educ. Ass'n v. School Bd., 4 F.P.E.R. ¶ 4262 (1978).
(2) For decisions of the Florida Public Service Commission: In re Application of Tampa Elec. Co., 81 F.P.S.C. 2:120 (1981).
(3) For decisions of all other agencies: Insurance Co. v. Department of Ins., 2 F.A.L.R. 648-A (Fla. Dept. of Insurance 1980).
(e) Florida Constitution. (Year of adoption should be given if necessary to avoid confusion.)
Art. V, § 3(b)(3), Fla. Const.
(f) Florida Statutes (Official).
§ 350.34, Fla. Stat. (1973).
§ 120.53, Fla. Stat. (Supp.1974).
(g) Florida Statutes Annotated. (To be used only for court-adopted rules, or references to other nonstatutory materials that do not appear in an official publication.)
32 Fla. Stat. Ann. 116 (Supp.1975).
(h) Florida Laws. (Cite if not in Fla. Stat. or if desired for clarity or adoption reference.)
(1) After 1956: Ch. 74-177, § 5, at 473, Laws of Fla.
(2) Before 1957: Ch. 22000, Laws of Fla. (1943).
(i) Florida Rules.
Fla. R. Civ. P. 1.180.
Fla. R. Jud. Admin. 2.035.
Fla. R.Crim. P. 3.850.
Fla. R. Work. Comp. P. 4.113.
Fla. Prob. R. 5.120.
Fla. R. Traf. Ct. 6.165.
Fla. Sm. Cl. R. 7.070.
Fla. R. Juv. P. 8.070.
Fla. R.App. P. 9.100.
Fla. R. Med. 10.010
Fla. R. Arb. 11.010
Fla. Fam. L.R.P. 12.010
Fla. Admin. Code R. 8H-3.02.
Fla.Code Jud. Conduct, Canon 5B.
Fla. Bar Code Prof. Resp. D.R. 1-101(A)
R. Regulating Fla. Bar 4-1.10.
Fla. Bar Found. By-Laws, art. 2.18(b).
Fla. Bar Found. Charter, art. 3.4.
Fla. Bar Integr. R., art XI, rule 11.09.
Fla. Bd. Bar Exam. R. III.
Fla. Jud. Qual. Comm'n R. 9.
Fla. Std. Jury Instr. (Civ.) 6.4(c).
Fla. Std. Jury Instr. (Crim.) [page number]2.03.
Fla. Std. Jury Instr. (Crim.) Robbery.
Fla. Stds. Imposing Law. Sancs. 9.3
Fla. Stds. Imposing Law. Sancs. (Drug Cases) 3
Fla. Bar Admiss. R., art. III.
(j) Florida Attorney General Opinions.
Op. Att'y Gen. Fla. 73-178 (1973).
(k) United States Supreme Court.
Sansone v. United States, 380 U.S. 343, 85 S.Ct. 1004, 13 L.Ed.2d 882 (1965).
(Cite to United States Reports, if published therein; otherwise cite to Supreme Court Reporter, Lawyer's Edition, or United States Law Week, in that order of preference. For opinions not published in these reporters, cite to Florida Law Weekly Federal: California v. Hodari D.[, 499 U.S. 621, 111 S.Ct. 1547, 113 L.Ed.2d 690], 13 Fla. L. Weekly Fed. S249 (U.S. Apr. 23, 1991)).
(l) Federal Courts of Appeals.
Gulf Oil Corp. v. Bivins, 276 F.2d 753 (5th Cir.1960).
For opinions not published in the Federal Reporter, cite to Florida Law Weekly Federal: Cunningham v. Zant, 13 Fla. L. Weekly Fed. C591[, 928 F.2d 1006] (11th Cir. March 27, 1991).
*899 (m) Federal District Courts.
Pugh v. Rainwater, 332 F.Supp. 1107 (S.D.Fla.1971).
For opinions not published in the Federal Supplement, cite to Florida Law Weekly Federal: Wasko v. Dugger, 13 Fla. L. Weekly Fed. D183[, 761 F.Supp. 1560] (S.D.Fla. Apr. 2, 1991).
(n) Other Citations. When referring to specific material within a Florida court's opinion, pinpoint citation to the page of the Southern Reporter where that material occurs is optional, although preferred. All other citations shall be in the form prescribed by the latest edition of The Bluebook: A Uniform System of Citation, The Harvard Law Review Association, Gannett House, Cambridge, Mass. 02138. Citations not covered in this rule or in The Bluebook shall be in the form prescribed by the Florida Style Manual published by the Florida State University Law Review, Tallahassee, Fla. 32306.
(o) Case Names. Case names shall be underscored (or italicized) in text and in footnotes.

Committee Notes
1977 Adoption. This rule is new and is included to standardize appellate practice and ease the burdens on the courts. It is the duty of each litigant and counsel to assist the judicial system by use of these standard forms of citation. Use of these citation forms, however, has not been made mandatory.
1992 Amendment. Rule 9.800 was updated to reflect changes in the available reporters. Additionally, the citations to new rules have been added and citations to rules no longer in use have been deleted.

RULE 9.900. FORMS
(a) Notice of Appeal.
 IN THE .....(NAME OF LOWER
 TRIBUNAL WHOSE ORDER IS TO
 BE REVIEWED).....
 Case No. ________
___________,
 Defendant/Appellant,
v.
___________,
 Plaintiff/Appellee.

NOTICE OF APPEAL
NOTICE IS GIVEN that ____________, Defendant/Appellant, appeals to the.....(name of court that has appellate jurisdiction)....., the order of this court rendered [see rule 9.020(h) ]______, 19__....(date)..... [Conformed copies of orders designated in the notice of appeal shall be attached in accordance with rules 9.110(d), and 9.160(c)]..] The nature of the order is a final order .... (state nature of the order).....
 __________
 Attorney for .... (name of party)....
 .... (address and phone number)....
 Florida Bar No. ........
 (b) Notice of Cross-Appeal.
 IN THE .....(NAME OF LOWER
 TRIBUNAL WHOSE ORDER IS TO
 BE REVIEWED).....
 Case No. _______
___________,
Defendant/Appellant, Cross-Appellee,
v.
___________,
Plaintiff/Appellee, Cross-Appellant.

NOTICE OF CROSS-APPEAL
NOTICE IS GIVEN that ____________, Plaintiff/Cross-Appellant, appeals to the.....(name of court that has appellate jurisdiction)....., the order of this court rendered [see rule 9.020(h) ]________, 19__....(date).... The nature of the order is a final order .... (state nature of the order).....
 _________
 Attorney for ....(name of party)....
 .... (address and phone number)....
 Florida Bar No. ........
*900 (c) Notice of Appeal of Non-Final Order.
 IN THE .....(NAME OF LOWER
 TRIBUNAL WHOSE NON-FINAL
 ORDER IS TO BE REVIEWED).....
 Case No. ______
______________________,
Defendant/Appellant,
v.
___________,
Plaintiff/Appellee.

NOTICE OF APPEAL OF A NON-FINAL ORDER
NOTICE IS GIVEN that ____________, Defendant/Appellant, appeals to the.....(name of court that has appellate jurisdiction)....., the order of this court rendered [see rule 9.020(h)]________, 19__....(date).... [Conformed copies of orders designated in the notice of appeal shall be attached in accordance with rules 9.110(d), 9.130(c), and 9.160(c).] The nature of the order is a non-final order.... (state nature of the order).....
 _________
 Attorney for ....(name of party)....
 ....(address and phone number)....
 Florida Bar No. ........
(d) Notice to Invoke Discretionary Jurisdiction of Supreme Court.
 IN THE DISTRICT COURT OF
 APPEAL OF FLORIDA,
 _______ DISTRICT
 Case No. ________
___________,
Defendant/Petitioner,
v.
___________,
Plaintiff/Respondent.

NOTICE TO INVOKE DISCRETIONARY JURISDICTION
NOTICE IS GIVEN that __________, Defendant/Petitioner, invokes the discretionary jurisdiction of the supreme court rendered review the decision of this court rendered [see rule 9.020(h)]____________, 19__....(date).... The decision....(state why the decision is within the supreme court's jurisdiction).....1
 _________
 Attorney for ....(name of party)....
 ....(address and phone number)....
 Florida Bar No. ........
1. The choices are:
a. expressly declares valid a state statute.
b. expressly construes a provision of the state or federal constitution.
c. expressly affects a class of constitutional or state officers.
d. expressly and directly conflicts with a decision of another district court of appeal or of the supreme court on the same question of law.
e. passes on a question certified to be of great public importance.
f. is certified to be in direct conflict with decisions of other district courts of appeal.
See rule 9.030(a)(2)(a).
(e) Notice of Administrative Appeal.
 IN THE .....(NAME OF AGENCY,
 OFFICER, BOARD, COMMISSION,
 OR BODY WHOSE ORDER IS TO
 BE REVIEWED).....
 Case No. ________
___________,
Defendant*/Appellant,
v.
___________,
Plaintiff*/Appellee.

NOTICE OF ADMINISTRATIVE APPEAL
NOTICE IS GIVEN that ____________, Appellant, appeals to the .... (name of court that has appellate jurisdiction)...., the order of this ....(name of agency, officer, board, commission, or body whose order is to be reviewed).... rendered [see rule 9.020(h)]__________, 19___....(date).... [Conformed copies of orders designated in the notice of appeal *901 shall be attached in accordance with rules 9.110(d) and 9.130(c).] The nature of the order is .... (state nature of the order).....
 _________
 Attorney for .... (name of party)....
 ....(address and phone number)....
 Florida Bar No. ........
* or other appropriate designation.
(f) Directions to Clerk.
 IN THE ....(NAME OF LOWER
 TRIBUNAL WHOSE ORDER IS TO
 BE REVIEWED) ....
 Case No. ________
___________,
Plaintiff/Appellant,
v.
____________,
Defendant/Appellee.

DIRECTIONS TO CLERK
Plaintiff/Appellant, ____________, directs the clerk to ....(include/exclude).... the following items. ....(in/ from).... the original record described in rule 9.200(a)(1):
 ITEM DATE FILED
1.
 [List of Desired Items]
2.
Note: This form is necessary only if a party does not wish to rely on the record that will be automatically prepared by the clerk under rule 9.200(a)(1).
(g) Designation to Reporter.
 IN THE ....(NAME OF LOWER
 TRIBUNAL WHOSE ORDER IS TO
 BE REVIEWED)....
 Case No. ________
___________,
Plaintiff/Appellant,
v.
___________,
Defendant/Appellee.

DESIGNATION TO REPORTER AND REPORTER'S ACKNOWLEDGMENT

I. DESIGNATION
Plaintiff/Appellant, ____________, files this Designation to Reporter and directs....(name of court reporter).... to transcribe an original and ___ copies of the following portions of the trial proceedings to be used in this appeal:
1. The entire trial proceedings recorded by the reporter on _______, 19__....(date)...., before the Honorable....(judge)...., except .
2. [Indicate all other portions of reported proceedings.]
3. The court reporter is directed to file the original with the clerk of the lower tribunal and to serve one copy on each of the following:
1.
2.
3.
I, counsel for Appellant, certify that satisfactory financial arrangements have been made with the court reporter for preparation of the transcript.
 ____________
 Attorney for ....(name of party)....
 ....(address and phone number)....
 Florida Bar No. ........

II. REPORTER'S ACKNOWLEDGMENT
1. The foregoing designation was served on _____, 19__....(date)...., and received on _____, 19__....(date).....
2. Satisfactory arrangements have ( ) have not ( ) been made for payment of the transcript cost. These financial arrangements were completed on _______....(date)....
3. Number of trial or hearing days ____.
4. Estimated number of transcript pages ____.
*902 5a. The transcript will be available within 30 days of service of the foregoing designation and will be filed on or before the ____ day of ________, 19___....(date)....

OR
5b. For the following reason(s) the court reporter requests an extension of time of ____ days for preparation of the transcript that will be filed on or before the ____ day of ________, 19___....(date)....
6. Completion and filing of this acknowledgment by the court reporter constitutes submission to the jurisdiction of the court for all purposes in connection with these appellate proceedings.
7. The undersigned court reporter certifies that the foregoing is true and correct and that a copy has been furnished by mail () hand delivery ( ) on this ____ day of _____, 19__....(date)...., to each of the parties or their counsel.
 __________
 Court Reporter
 ....(address)....
Note: The foregoing court reporter's acknowledgment to be placed "at the foot of" or attached to a copy of the designation, shall be properly completed, signed by the court reporter, and filed with the clerk of the appellate court within 5 days of service of the designation on the court reporter. A copy shall be served on all parties or their counsel, who shall have 5 days to object to any requested extension of time. See Fla. R.App. P. 9.200(b)(1), (2), & (3).
(h) Civil Supersedeas Bond.
 ....(Title of Court)....
 Case No. _______
___________,
Plaintiff,
v.
___________,
Defendant.

CIVIL SUPERSEDEAS BOND
We, ___________ as Principal, and ___________ as Surety, are held and firmly bound unto ___________ in the principal sum of $____, for the payment of which we bind ourselves, our heirs, personal representatives, successors, and assigns, jointly and severally.
The condition of this obligation is: the above-named Principal has entered an appeal to the .... (court).... to review the....(judgment or order).... entered in the above case on ....(date)...., and filed in the records of said court in book ___ at page___.
NOW THEREFORE, if the Principal shall satisfy any money judgment contained in the judgment in full, including, if allowed by law, costs, interest, and attorneys' fees, and damages for delay in the event said appeal is dismissed or said judgment is affirmed, then this obligation shall be null and void; otherwise to remain in full force and effect.
Signed on ....(date)...., at....(place)....
 /s/ ____________
 Principal
Signed on ....(date)...., at....(place)....
 /s/ ___________
 Surety

Committee Notes
1980 Amendment. Forms 9.900(a) and (b) under the 1977 rules are modified, and additional forms are provided.
1992 Amendment. Forms 9.900(a), (c), and (e) were revised to remind the practitioner that conformed copies of the order or orders designated in the notice of appeal should be attached to the notice of appeal as provided in rules 9.110(d), 9.130(c), and 9.160(c).
NOTES
[1] See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
[2] We note by way of comparison that, in cases in which the death sentence is affirmed (as opposed to reduced to life imprisonment) on direct appeal in this Court, rule 9.141, once in effect, will not apply. Rather, such cases remain "death penalty cases," and rule 9.140(b)(6)(E) accordingly applies and requires that "[i]n death penalty cases, all petitions for extraordinary relief over which the supreme court has original jurisdiction, including petitions for writ of habeas corpus, shall be filed simultaneously with the initial brief in the appeal from the lower tribunal's order on the defendant's application for relief under Florida Rule of Criminal Procedure 3.850." Accord Fla. R.Crim. P. 3.851(b)(2).
[3] We impose this requirement as to computer-generated briefs for at least three reasons:

First and foremost, appellate briefs are public records that the people have a right to inspect. The clear policy of this Court is that advances in technology should benefit the people whenever possible by lowering financial and physical barriers to public record inspection. This Court's eventual goal is to make all public records widely and readily available, especially via the Internet. Unlike paper documents, electronic documents on the Internet will not display properly on all computers if they are set in fonts that are unusual. In some instances, such electronic documents may even be unreadable. Thus, we adopt the policy for the time being that all computer-generated appellate briefs be filed in one of two fonts-either Times New Roman 14-point or Courier New 12-point-that are commonplace on computers with Internet connections. This step will help ensure that the right to inspect public records on the Internet will be genuinely available to the largest number of people.
Second, Florida's court system as a whole is working toward the day when electronic filing of all court documents will be an everyday reality. Though the technology involved in electronic filing is changing rapidly, it is clear that the Internet is the single most significant factor influencing the development of this technology. Electronic filing must be compatible with Internet standards as they evolve over time. It is imperative for the legal profession to become accustomed to using electronic document formats that are most consistent with the Internet.
Third, the proliferation of vast new varieties of fonts in recent years poses a real threat that page-limitation rules can be circumvented through computerized typesetting. The only way to prevent this is to establish an enforceable rule on standards for font use. The subject font requirements are most consistent with this purpose and the other two purposes noted above.
[4] We note that all of these requirements supercede the requirements regarding briefs filed in the Supreme Court of Florida set forth by administrative order dated July 13, 1998.